736 A.2d 1067

Steven Scott McGRATH

v.

STATE of Maryland.

No. 68, Sept. Term, 1998.

Court of Appeals of Maryland.

Sept. 14, 1999.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW *, RAKER, WILNER and CATHELL, JJ.

ELDRIDGE, Judge.

This is another criminal case where the defendant was convicted of and sentenced for multiple offenses based upon the same act. We are asked to decide whether separate sentences for the same act were proper and, if they were not, to decide which offense merged for sentencing purposes.

Steven Scott McGrath was convicted by a jury in the Circuit Court for Talbot County of battery, theft under $300 in violation of Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 342, and the unlawful taking of a motor vehicle in violation of Art. 27, § 342A. The theft conviction and unlawful taking of a motor vehicle conviction resulted from the same incident. Both convictions were based on McGrath's taking of his former girlfriend's automobile on the evening of December 23, 1995, after she had told McGrath that he could never use her car again.

McGrath was sentenced to imprisonment for ten years for battery, with five of the ten years suspended in favor of probation for five years. He was sentenced to a consecutive term of five years imprisonment for the unlawful taking of a motor vehicle in violation of Art. 27, § 342A. Finally, he was sentenced to eighteen months imprisonment for the theft conviction under Art. 27, § 342, with the sentence to be consecutive to the battery sentence but concurrent with the sentence under § 342A.

Upon McGrath's appeal to the Court of Special Appeals, he argued, *inter alia*, that he should not have been separately sentenced for the same act under both § 342 and § 342A, and that the sentence under § 342A should merge into the sentence under § 342. The Court of Special Appeals, in an

---

* Chasanow, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

unreported opinion, affirmed the judgments of the circuit court. The intermediate appellate court held that the sentences for violations of §§ 342 and 342A, even though based upon the same act, should not merge under either the required evidence test or the rule of lenity.

Thereafter, we granted McGrath's petition for a writ of certiorari, *McGrath v. State,* 350 Md. 280, 711 A.2d 871 (1998), which presented a single issue:

> "Whether a person may be separately punished for convictions of theft of a motor vehicle under ... Art. 27, § 342A and theft under ... Art. 27, § 342 where both convictions and sentences are based on the single act of taking a car."

■ Under Maryland common law principles, "the normal standard for determining whether one offense merges into another is what is usually called the 'required evidence test.'" *Miles v. State,* 349 Md. 215, 219, 707 A.2d 841, 843 (1998). *See, e.g., State v. Lancaster,* 332 Md. 385, 391, 631 A.2d 453, 456 (1993); *Eldridge v. State,* 329 Md. 307, 319, 619 A.2d 531, 537 (1993); *In re Montrail M.,* 325 Md. 527, 531, 601 A.2d 1102, 1104 (1992); *Biggus v. State,* 323 Md. 339, 350, 593 A.2d 1060, 1065 (1991); *Williams v. State,* 323 Md. 312, 316, 593 A.2d 671, 673 (1991); *Snowden v. State,* 321 Md. 612, 616, 583 A.2d 1056, 1058 (1991). We have explained the required evidence test as follows (*State v. Lancaster, supra,* 332 Md. at 391–392, 631 A.2d at 456–457):

> "The required evidence test '"focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former merges into the latter."' *Snowden v. State, supra,* 321 Md. at 617, 583 A.2d at 1059, quoting *State v. Jenkins,* 307 Md. 501, 517, 515 A.2d 465, 473 (1986). Stated another way, the '"required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other

does not," ' there is no merger under the required evidence test even though both offenses are based upon the same act or acts. ' "But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other," ' and where both 'offenses are based on the same act or acts, ... merger follows....' *Williams v. State, supra,* 323 Md. at 317–318, 593 A.2d at 673, quoting in part *Thomas v. State,* 277 Md. 257, 267, 353 A.2d 240, 246–247 (1976).

"When there is a merger under the required evidence test, separate sentences are normally precluded. Instead, a sentence may be imposed only for the offense having the additional element or elements. * * *

"When applying the required evidence test to multipurpose offenses, *i.e,* offenses having alternative elements, a court must 'examin[e] the alternative elements relevant to the case at issue.' *Snowden v. State, supra,* 321 Md. at 618, 583 A.2d at 1059."

And later in *Lancaster* we stated (332 Md. at 409–410, 631 A.2d at 466):

"Under this Court's decisions, the required evidence test is not simply another rule of statutory construction. Instead, it is a long-standing rule of law to determine whether one offense is included within another when both are based on the same act or acts. *See Hagans v. State,* 316 Md. 429, 445–453, 559 A.2d 792, 799–804 (1989).... [T]he test if fully applicable to determine merger issues involving common law crimes, including common law crimes for which there is no statutorily prescribed penalty. *See, e.g., In re Montrail, supra,* 325 Md. at 532, 601 A.2d at 1104 ('The required evidence test "applies to both common law and statutory offenses" ')...."

*See also Miles v. State, supra,* 349 Md. at 219, 707 A.2d at 843–844; *Spitzinger v. State,* 340 Md. 114, 131–132, 665 A.2d 685, 693 (1995) (Raker, J., dissenting).

Moreover, the required evidence test is not the exclusive standard under Maryland law for determining ques-

tions of merger, and even "where two offenses are separate under the required evidence test, there still may be a merger for sentencing purposes based on considerations such as the rule of lenity, historical treatment, judicial decisions which generally hold that the offenses merge, and fairness." *Miles v. State, supra,* 349 Md. at 221, 707 A.2d at 844, and cases there cited. The rule of lenity, applicable to statutory offenses only, provides that where there is no indication that the legislature intended multiple punishments for the same act, a court will not impose multiple punishments but will, for sentencing purposes, merge one offense into the other. *Miles,* 349 Md. at 227, 707 A.2d at 847; *Williams v. State, supra,* 323 Md. at 321–322, 593 A.2d at 675; *Monoker v. State,* 321 Md. 214, 582 A.2d 525 (1990); *White v. State,* 318 Md. 740, 569 A.2d at 1271 (1990). When "there is merger under the rule of lenity, the offense carrying the lesser maximum penalty ordinarily merges into the offense carrying the greater maximum penalty." *Miles,* 349 Md. at 229, 707 A.2d at 848.

The Maryland "Theft" statute, Art. 27, §§ 340–342, and 343–344, which was first enacted by Ch. 849 of the Acts of 1978, provides in pertinent part as follows:

"§ 342. **Theft.**

"(a) *Obtaining or exerting unauthorized control.*—A person commits the offense of theft when he willfully or knowingly obtains control which is unauthorized or exerts control which is unauthorized over property of the owner, and:

(1) Has the purpose of depriving the owner of the property; or

(2) Willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or

(3) Uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property...."

\* \* \*

"(f) *Penalty.*—(1) A person convicted of theft where the property or services that was the subject of the theft has a

value of $300 or greater is guilty of a felony and shall restore the property taken to the owner or pay him the value of the property or services, and be fined not more than $1,000, or be imprisoned for not more than 15 years, or be both fined and imprisoned in the discretion of the court.

(2) A person convicted of theft where the property or services that was the subject of the theft has a value of less than $300 is guilty of a misdemeanor and shall restore the property taken to the owner or pay him the value of the property or services, and be fined not more than $500, or be imprisoned for not more than 18 months, or be both fined and imprisoned in the discretion of the court; however, all actions or prosecutions for theft where the property or services that was the subject of the theft has a value of less than $300 shall be commenced within 2 years after the commission of the offense." [1]

Art. 27, § 342A, first enacted by Ch. 268 of the Acts of 1995, states as follows:

### "§ 342A. Unlawful taking of motor vehicle.

(a) *Owner defined.*—In this section, 'owner' means any person who has a lawful interest in or is in lawful possession

---

**1.** The definition section of the theft statute, Art. 27, § 340, provides in relevant part as follows:

" **§ 340. Definitions.**

"In this subheading, the following words have the meanings indicated.

\* \* \*

"(c) 'Deprive' means to withhold property of another:

(1) Permanently; or

(2) For such a period as to appropriate a portion of its value; or

(3) With the purpose to restore it only upon payment of reward or other compensation; or

(4) To dispose of the property and use or deal with the property so as to make it unlikely that the owner will recover it.

\* \* \*

"(h) 'Owner' means a person, other than the offender, who has possession of or any other interest in the property involved, even though that interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property.

"(i) 'Property' means anything of value. . . ."

\* \* \*

of a motor vehicle by consent or chain of consent of the actual title owner.

(b) *Prohibited conduct.*—A person, or the person's aiders or abettors, may not knowingly and willfully take a motor vehicle out of the lawful custody, control, or use of the owner without the owner's consent.

(c) *Civil penalty.*—A person who violates this section shall restore the motor vehicle so taken and carried away, or, if unable to do so, shall pay to the owner the full value of the motor vehicle.

(d) *Criminal Penalty.*—A person who violates this section is guilty of the felony of taking a motor vehicle and on conviction is subject to a fine of not more than $5,000 or imprisonment for not more than 5 years or both."

Turning to the case at bar, McGrath argues that a defendant may not be separately sentenced under both § 342 and § 342A when the convictions and sentences are based on the same act. He further contends that the offense under § 342A is a lesser-included offense of theft under § 342, and that, for purposes of sentencing, the § 342A offense merges into the § 342 offense under the required evidence test. Acceptance of McGrath's argument would require that his five year sentence under § 342A be vacated.

The State argues that the two offenses do not merge under the required evidence test "because each offense contains an element which the other does not." (Respondent's brief at 3). The State in its brief suggested, and at oral argument before this Court the State agreed, that the rule of lenity was applicable and that a defendant should not be separately sentenced under both statutes for the same act of taking a motor vehicle. Nevertheless, according to the State, the rule of lenity would dictate that the § 342 offense merge into the § 342A offense. Consequently, under the State's position, the eighteen month sentence for theft should be vacated.

We agree with the State and the Court of Special Appeals that there is no merger of the two offenses based on

the required evidence test. Each offense has elements not present in the other.

The theft offense, as charged in this case, requires proof that the defendant had deprived the owner of the property. "Deprive" is defined as a permanent withholding of the property, or a withholding for such a period as to appropriate a portion of its value, or a withholding until a reward or other compensation has been paid. The § 342A offense, however, does not contain such an element. Any knowing and willful taking of the property without the owner's consent is sufficient under § 342A.

Section 342A, on the other hand, has elements not found in the type of theft offense charged in this case. Section 342A relates only to the unlawful taking of motor vehicles, whereas the theft offense covers property generally. The property subject to the theft offense is "anything of value." *See* § 340(i). In addition, the § 342A offense, by its definition of "owner," requires that the victim have "a lawful interest in or [be] in lawful possession of" the motor vehicle. The theft offense under §§ 340–342, however, has no such requirement. In light of the definition of "owner" in § 340(h), the victim need not have a lawful interest in or have lawful possession of the property for the defendant to be guilty of the crime of theft.

We also agree with the State that there is no indication in the statutory language or the legislative history that the General Assembly intended that separate sentences be imposed when the single act of taking a motor vehicle constituted a violation of both § 342 and § 342A. Consequently, under our cases, the rule of lenity is fully applicable to this situation.[2]

---

2. In fact, the legislative history affirmatively suggests that separate sentences under both statutes were not contemplated. Section 342A was first enacted by Ch. 268 of the Acts of 1995. The Senate Judicial Proceedings Committee's bill analysis of House Bill 497, which became Ch. 268, indicates the Committee's belief that, with regard to the taking of motor vehicles, it was often difficult for the State to prove that the defendant "intended to permanently deprive the owner of the vehicle," which was a requirement for a theft conviction under § 342. The

As previously mentioned, when there is a merger of offenses under the rule of lenity, the offense carrying the smaller maximum penalty ordinarily merges into the offense carrying the greater maximum penalty. *Miles v. State, supra,* 349 Md. at 221, 229, 707 A.2d at 844, 848. Application of this principle is normally a simple matter. The penalty provision of the theft statute, however, creates a degree of complication. The maximum term of imprisonment under the theft statute, in § 342(f), is fifteen years, whereas the maximum term of imprisonment under § 342A(d) is five years. Viewed in this manner, the unlawful taking offense under § 342A would merge into the theft offense under § 342 for purposes of sentencing. Nevertheless, the penalty provision of the theft statute in § 342(f) further provides that, where the value of the stolen property was less than $300, the maximum term of imprisonment is eighteen months. Moreover, the jury in the present case found that the value of the automobile was less than $300. Thus, the maximum term of imprisonment which could be imposed upon McGrath for theft was eighteen months. For this reason, the State argues that the § 342 offense should be merged into the § 342A offense.

We need not decide how merger based on the rule of lenity should be applied in a situation similar to that in the present case, but where there is no clear indication of legislative intent. In this case, we do have persuasive evidence of the General Assembly's purpose. By Ch. 348 of the Acts of 1999, which was signed into law by the Governor on May 13, 1999, the General Assembly added new subsection (e) to Art. 27, § 342A. The new subsection states:

> "(E)(1) THIS SECTION DOES NOT PRECLUDE PROSECUTION FOR THEFT OF A MOTOR VEHICLE UNDER § 342 OF THIS SUBHEADING.

---

purpose of Ch. 268, according to the Committee's bill analysis, was to remove the requirement of permanent deprivation with regard to motor vehicles. Ch. 268, therefore, seems to have been primarily aimed at situations where the State could not prove theft under § 342. It was not enacted to enhance the punishment for theft of a motor vehicle in violation of § 342.

**30**

*(2) IF A PERSON IS CONVICTED UNDER § 342 OF THIS SUBHEAD-
ING AND THIS SECTION FOR THE SAME ACT OR TRANSACTION, THE
CONVICTION UNDER THIS SECTION SHALL MERGE FOR SENTENCING
PURPOSES INTO THE CONVICTION UNDER § 342 OF THIS SUBHEAD-
ING."*

Although the new provision may not directly control the present case,[3] it is significant that the General Assembly, in the Title to Ch. 348 of the Acts of 1999, stated that it was "[f]or the purpose of clarifying" the relationship between § 342 and § 342A. The Title thus indicates that clarification, and not a change in the law, was intended. We see no reason why, in applying the rule of lenity, McGrath should not be given the benefit of the General Assembly's clarified legislative intent.[4]

Consequently, we shall order that the sentence under § 342A be vacated.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE THE SENTENCE IMPOSED BY THE CIRCUIT COURT FOR TALBOT COUNTY ON THE CONVICTION UNDER ART. 27, § 342A, AND TO AFFIRM THE REMAINING JUDGMENTS OF THE CIRCUIT COURT FOR TALBOT COUNTY. COSTS IN THIS COURT TO BE PAID BY TALBOT COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS TO BE EVENLY DIVIDED BETWEEN TALBOT COUNTY AND STEVEN SCOTT McGRATH.*

---

3. *See* Maryland Code (1957, 1998 Repl.Vol.), Art. 1, § 3.

4. In addition, it was logical for the General Assembly to view § 342A as a lesser offense of § 342 in all instances when a motor vehicle was unlawfully taken. The General Assembly probably was of the view that it would be rare, if ever, for a motor vehicle to be valued at less than $300. Under Code (1977, 1999 Repl.Vol.), § 13–809(a)(2) of the Transportation Article, the minimum value of any motor vehicle is deemed to be $500. At an earlier period, it was deemed to be $300. *See* Code (1977, 1984 Repl.Vol.), § 13–809(a)(2) of the Transportation Article.