State of Maryland v. Derrell Johnson, No. 53, September Term, 2014

**FELONY MURDER – PREDICATE FELONY – MERGER FOR SENTENCING PURPOSES – REQUIRED EVIDENCE TEST – RULE OF LENITY –** Court of Appeals held that, where defendant is convicted of felony murder and multiple predicate felonies, only one predicate felony conviction merges for sentencing purposes with felony murder conviction; and, absent unambiguous designation that trier of fact intended specific felony to serve as predicate felony, conviction for felony with greatest maximum sentence merges for sentencing purposes.

Circuit Court for Baltimore City
Case Nos. 110169071–110169077

Argued: March 6, 2015

IN THE COURT OF APPEALS

OF MARYLAND

No. 53

September Term, 2014

_____

STATE OF MARYLAND

v.

DERRELL JOHNSON

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.

_____

Filed:  March 27, 2015

We decide whether the convictions for one or all predicate felonies merge for sentencing purposes with a felony murder conviction[1] where a defendant is convicted of felony murder and multiple predicate felonies.

We hold that, where a defendant is convicted of felony murder and multiple predicate felonies, only one predicate felony conviction merges for sentencing purposes with the felony murder conviction; and, absent an unambiguous designation that the trier of fact intended a specific felony to serve as the predicate felony, the conviction for the felony with the greatest maximum sentence merges for sentencing purposes.

## BACKGROUND

The State, Petitioner, charged Derrell Johnson ("Johnson"), Respondent, and three other people with various crimes, including first-degree murder, kidnapping, robbery with a dangerous weapon, use of a handgun in the commission of a crime of violence or felony, and unlawfully wearing, carrying, or transporting a handgun. In the Circuit Court for Baltimore City ("the circuit court"), a jury tried Johnson and his three co-defendants. At trial, the State's theory of the case was that, on April 21, 2009, Johnson, the three co-defendants, and possibly another person kidnapped Qonta Charles Waddell ("Waddell"), put Waddell in a truck, and tried to get money from him. While the truck was parked in an

---

[1]Felony murder is first-degree murder. See Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) ("CR") § 2-201(a)(4) ("A murder is in the first degree if it is[] . . . committed in the perpetration of or an attempt to perpetrate" arson, barn-burning, burglary, carjacking, prison escape, kidnapping, mayhem, rape, robbery, sexual offense, sodomy, or manufacture or possession of a destructive device). Thus, the phrase "predicate felony" refers to one of the twelve enumerated felonies set forth in CR § 2-201(a)(4). For brevity, we shall refer to the crime as "felony murder" instead of "first-degree felony murder."

alley in the 3100 block of Windsor Avenue, Waddell attempted to escape, and one of Johnson's co-defendants shot and killed Waddell. The jury convicted Johnson of, among other crimes, felony murder, kidnapping, and robbery.[2]

On January 18, 2012, the circuit court sentenced Johnson, in relevant part, to life imprisonment for felony murder, twenty years' imprisonment concurrent for kidnapping, and ten years' imprisonment concurrent for robbery.[3] Johnson appealed and, in an unreported opinion, the Court of Special Appeals vacated the sentences for the convictions for kidnapping and robbery, determining that the rule of lenity required merger for sentencing purposes of the convictions for kidnapping and robbery with the felony murder conviction because it was unclear which felony was the predicate felony for the felony murder conviction. The Court of Special Appeals also vacated the sentences for the convictions for conspiracy to commit kidnapping and conspiracy to commit robbery with a dangerous weapon, and affirmed in all other respects.

---

[2]The jury also convicted Johnson of: use of a handgun in the commission of a felony; conspiracy to commit murder; conspiracy to commit kidnapping; conspiracy to commit robbery with a dangerous weapon; and false imprisonment. The jury acquitted Johnson of: first-degree premeditated murder; two counts of use of a handgun in the commission of a crime of violence; three counts of unlawfully wearing, carrying, or transporting a handgun; and robbery with a dangerous weapon.

As to an alleged victim named Valerie Boone, the jury acquitted Johnson of: first-degree assault; use of a handgun in the commission of a crime of violence; unlawfully wearing, carrying, or transporting a handgun; and false imprisonment.

[3]As to the other convictions, the circuit court sentenced Johnson to twenty years' imprisonment consecutive, the first five years without parole, for use of a handgun in the commission of a felony, life imprisonment concurrent for conspiracy to commit murder, fifteen years' imprisonment concurrent for conspiracy to commit kidnapping, ten years' imprisonment consecutive for conspiracy to commit robbery with a dangerous weapon, and fifteen years' imprisonment concurrent for false imprisonment. In total, Johnson was sentenced to life imprisonment plus thirty years.

The State petitioned for a writ of *certiorari*, raising one issue: "Did the Court of Special Appeals err in merging both the kidnapping and robbery sentences into the felony murder sentence, rather than merging only one of them?" On August 27, 2014, we granted the petition. See State v. Johnson, 439 Md. 694, 98 A.3d 233 (2014).

**DISCUSSION**

The State contends that the Court of Special Appeals erred in merging for sentencing purposes the kidnapping and robbery convictions with the felony murder conviction. The State argues that, because Maryland law requires one predicate felony for a felony murder conviction, where a defendant is convicted of multiple predicate felonies, only one predicate felony conviction—not all of them—merges for sentencing purposes with the felony murder conviction. The State asserts that the conviction for the predicate felony with the greatest maximum sentence (here, kidnapping) merges for sentencing purposes.

Johnson responds that the Court of Special Appeals was correct in holding that the kidnapping and robbery convictions both merged for sentencing purposes with the felony murder conviction. Johnson contends that it is unclear whether kidnapping, robbery, or both crimes formed the basis for the felony murder conviction, and thus, the required evidence test and Maryland case law require that any ambiguity be resolved in his favor and that the convictions for both kidnapping and robbery merge for sentencing purposes with the felony murder conviction. In addition, Johnson argues that the rule of lenity requires that the convictions for both kidnapping and robbery merge for sentencing purposes with the felony murder conviction, and asserts that the General Assembly has not indicated an intent to permit separate sentences where felony murder is based on multiple

predicate felonies. Johnson agrees with the State that, should this Court conclude that the conviction for one predicate felony merges for sentencing purposes with the felony murder conviction, then the conviction for the predicate felony with the greatest maximum sentence (here, kidnapping) should merge for sentencing purposes.

In a reply brief, the State contends that the General Assembly has expressed the view that, although multiple crimes may be predicate felonies, only one predicate felony is required for a felony murder conviction, and thus separate sentences are permissible for additional predicate felonies.

The Fifth Amendment to the United States Constitution provides, in relevant part: "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]"[4] "The Double Jeopardy Clause protects a criminal defendant against . . . multiple punishment for the same offense." Brown v. State, 311 Md. 426, 431, 535 A.2d 485, 487 (1988) (citations omitted). "Multiple punishment challenges generally arise" where, for example, a statute "proscribes designated conduct, and the question is whether the defendant's conduct constitutes more than one violation of this proscription." Id. at 431, 535 A.2d at 487 (citation omitted).

Recently, in Brooks v. State, 439 Md. 698, 737, 98 A.3d 236, 258 (2014), we discussed merger for sentencing purposes, explaining:

> The merger of convictions for purposes of sentencing derives from the

---

[4]The Double Jeopardy Clause applies to the States through the Fourteenth Amendment. See Hubbard v. State, 395 Md. 73, 88, 909 A.2d 270, 279 (2006) ("In *Benton v. Maryland*, 395 U.S. 784, [796] (1969), the United States Supreme Court held that the Double Jeopardy Clause . . . was applicable to state criminal proceedings through the Fourteenth Amendment.").

protection against double jeopardy afforded by the Fifth Amendment of the federal Constitution and by Maryland common law. Merger protects a convicted defendant from multiple punishments for the same offense. Sentences for two convictions must be merged when: (1) the convictions are based on the same act or acts, and (2) under the required evidence test, the two offenses are deemed to be the same, or one offense is deemed to be the lesser included offense of the other.

(Citations omitted). As to the required evidence test, in Nicolas v. State, 426 Md. 385, 401-02, 44 A.3d 396, 405-06 (2012), we stated:

The required evidence test focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former merges into the latter. Stated another way, the required evidence is that which is minimally necessary to secure a conviction for each offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, there is no merger under the required evidence test even though both offenses are based upon the same act or acts. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, and where both offenses are based on the same act or acts[,] merger follows.

(Citations and ellipses omitted); see also McGrath v. State, 356 Md. 20, 24, 736 A.2d 1067, 1069 (1999) (The required evidence test "is a long-standing rule of law to determine whether one offense is included within another when both are based on the same act or acts." (Citation omitted)).

The rule of lenity provides another standard for determining merger for sentencing purposes. See McGrath, 356 Md. at 24-25, 736 A.2d at 1069 ("[T]he required evidence test is not the exclusive standard under Maryland law for determining questions of merger, and even where two offenses are separate under the required evidence test, there still may be a merger for sentencing purposes based on considerations such as the rule of lenity[.]"

(Citation and internal quotation marks omitted)). "The rule of lenity, applicable to statutory offenses only, provides that where there is no indication that the [General Assembly] intended multiple punishments for the same act, a court will not impose multiple punishments but will, for sentencing purposes, merge one offense into the other." Id. at 25, 736 A.2d at 1069 (citations omitted). "The rule of lenity allows [a court] to avoid interpreting a criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the General Assembly] intended." Khalifa v. State, 382 Md. 400, 434, 855 A.2d 1175, 1194 (2004) (citation, internal quotation marks, ellipsis, and some brackets omitted). Recently, in Oglesby v. State, ___ Md. ___, ___ A.3d ___, No. 23, Sept. Term, 2014, 2015 WL 735175, at *3 (Feb. 23, 2015), we explained the rule of lenity as follows:

> The "rule of lenity" is not a rule in the usual sense, but an aid for dealing with ambiguity in a criminal statute. Under the rule of lenity, a court confronted with an otherwise unresolvable ambiguity in a criminal statute that allows for two possible interpretations of the statute will opt for the construction that favors the defendant. For a court construing a statute, the rule of lenity is not a means for determining—or defeating—legislative intent. Rather, it is a tie-goes-to-the-runner device that the court may turn to when it despairs of fathoming how the General Assembly intended that the statute be applied in the particular circumstances. It is a tool of last resort, to be rarely deployed and applied only when all other tools of statutory construction fail to resolve an ambiguity.

(Citation omitted).

In Maryland, first-degree murder is proven by showing, among other things, "deliberation, wil[l]fulness and premeditation (premeditated murder), or by showing a homicide committed in the perpetration, or attempted perpetration, of one of the enumerated felonies (felony murder)." Ross v. State, 308 Md. 337, 341-42, 519 A.2d 735,

737 (1987). As to felony murder, Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) ("CR") § 2-201(a)(4) provides, in pertinent part:

> A murder is in the first degree if it is . . . committed in the perpetration of or an attempt to perpetrate: . . . (vi) kidnapping under § 3-502 or § 3-503(a)(2) of this article; . . . (ix) robbery under § 3-402 or § 3-403 of this article; . . . or (xii) a violation of § 4-503 of this article concerning destructive devices.

(Paragraph breaks omitted). In Newton v. State, 280 Md. 260, 262-63, 268, 373 A.2d 262, 264, 266 (1977), this Court addressed merger for sentencing purposes in the context of a conviction for felony murder and a conviction for a predicate felony (attempted robbery), and held that, under "the required evidence test, . . . the felony murder and the underlying felony must be deemed the same for double jeopardy purposes." In so concluding, we explained:

> [U]nder [CR § 2-201's predecessor], murder committed in the perpetration of certain enumerated felonies, including attempted robbery, is first degree murder. . . . By proving every element of the underlying felony, the element of malice necessary for murder is established. And having established murder by proving a homicide during the perpetration or attempted perpetration of a felony, [CR § 2-201's predecessor] provides that the murder shall be murder in the first degree. . . .
>
> Therefore, to secure a conviction for first degree murder under the felony murder doctrine, the State is required to prove the underlying felony and the death occurring in the perpetration of the felony. The felony is an essential ingredient of the murder conviction. The only additional fact necessary to secure the first degree murder conviction, which is not necessary to secure a conviction for the underlying felony, is proof of the death. The evidence required to secure a first degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony. Therefore, as only one offense requires proof of a fact which the other does not, under the required evidence test the underlying felony and the murder merge.

Id. at 268-69, 373 A.2d at 266-67 (citations omitted). See also Roary v. State, 385 Md.

217, 232 n.14, 867 A.2d 1095, 1103 n.14 (2005) ("[I]n the case of felony-murder, the underlying felony would merge into the greater offense for sentencing purposes" under "Maryland merger law and the required evidence test[.]" (Citing Newton, 280 Md. at 268, 373 A.2d at 266)); Fisher v. State, 367 Md. 218, 286, 786 A.2d 706, 746 (2001) ("[A]s only one offense (murder) requires proof of a fact that the other (the underlying felony) does not, under the required evidence test[,] the underlying felony and the murder merge." (Citing Newton, 280 Md. at 269, 373 A.2d at 267)).

Here, we hold that, where a defendant is convicted of felony murder and multiple predicate felonies, only one conviction for a predicate felony merges for sentencing purposes with the felony murder conviction, and, absent an unambiguous indication that the trier of fact intended otherwise, the conviction for the predicate felony with the greatest maximum sentence merges for sentencing purposes.

Both CR § 2-201(a)(4) and our case law make clear that only one predicate felony is required to support a felony murder conviction. CR § 2-201(a)(4) provides that first-degree murder occurs if it is "committed in the perpetration of or an attempt to perpetrate" one of the twelve enumerated felonies. Significantly, the enumerated felonies are separated by the key word "or," which appears between the last two felonies in the list. Stated otherwise, CR § 2-201(a)(4)'s plain language requires only one predicate felony; CR § 2-201(a)(4) does not require multiple predicate felonies (*e.g.*, felony A **and** felony B) to support a felony murder conviction. In accordance with CR § 2-201(a)(4)'s plain language, we have held that a felony murder conviction need only rest upon one predicate felony. See, e.g., Ross, 308 Md. at 341-42, 519 A.2d at 737 ("[A] conviction of first degree murder

may be proved . . . by showing a homicide committed in the perpetration, or attempted perpetration, of **one** of the enumerated felonies (felony murder)." (Emphasis added)); Newton, 280 Md. at 269, 373 A.2d at 267 ("[T]o secure a conviction for first degree murder under the felony murder doctrine, the State is required to prove the underlying **felony** and the death occurring in the perpetration of the felony." (Emphasis added)).

It is evident that, where there is only one predicate felony, application of the required evidence test results only in merger for sentencing purposes of the conviction for the predicate felony with the felony murder conviction. Indeed, in Nicolas, 426 Md. at 401-02, 44 A.2d at 405-06, we explained that, in applying the required evidence test, our focus is on "the elements of each offense[,]" and "where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, and where both offenses are based on the same act or acts[,] merger follows." (Citation omitted). As to felony murder, in Newton, we explained that, in applying the required evidence test, the elements of felony murder and the elements of a predicate felony are identical, *i.e.*, all elements of one crime are present in the other, with felony murder requiring proof of one additional fact—death. See 280 Md. at 269, 373 A.2d at 267 ("The felony is an essential ingredient of the murder conviction. The only additional circumstance necessary to secure the first degree murder conviction, which is not necessary to secure a conviction for the underlying felony, is proof of the death. The evidence required to secure a first degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony.").

Because only one predicate felony is required to support a felony murder conviction,

once the State proves a predicate felony and the death of the victim as a result of that felony, the crime of felony murder is complete, and, for the required evidence test's purposes, all of felony murder's elements have been satisfied such that the elements of any additional predicate felonies would be redundant. In other words, once one merger for sentencing purposes occurs, as to felony murder and one predicate felony, the elements of any additional predicate felonies are no longer required elements of felony murder. For the required evidence test's purposes, the pairing of the conviction for one predicate felony with the felony murder conviction leaves no room for a pairing with any additional predicate felonies.[5] In sum, once the conviction for one predicate felony merges, application of the required evidence test does not result in further merger of convictions for other predicate felonies.[6]

---

[5]The Honorable Charles E. Moylan, Jr. reached the same conclusion in his treatise on criminal homicide, explaining:

> [I]f a felony-murder were charged alleging two underlying felonies and if verdicts of guilty were returned on the felony-murder and on both of the underlying felonies, one of the two felonies would self-evidently be superfluous to the murder conviction, to wit, not a required element.

Charles E. Moylan, Jr., Criminal Homicide Law § 5.6, at 125-26 (2002).

[6]Johnson's reliance on Nicolas, 426 Md. 385, 44 A.3d 396, Nightingale v. State, 312 Md. 699, 542 A.2d 373 (1988), and Snowden v. State, 321 Md. 612, 583 A.2d 1056 (1991) is misplaced. Although each case involved merger for sentencing purposes, none of the cases addressed merger in the context of felony murder and a predicate felony, and, in any event, each case is otherwise distinguishable. In Snowden, 321 Md. at 614, 583 A.2d at 1057, the offenses at issue were assault and robbery; we were not tasked with addressing whether multiple convictions merged for sentencing purposes with another conviction. In Nightingale, 312 Md. at 701, 542 A.2d at 374, the crimes at issue were child abuse, second-degree sexual offense, third-degree sexual offense, and fourth-degree sexual offense. Although, as to one defendant, we merged convictions for second-degree sexual

Similarly, applying the rule of lenity does not result in the merger of more than one predicate felony with a felony murder conviction. The rule of lenity is simply "an aid for dealing with ambiguity in a criminal statute[,]" "a tool of last resort" that is applied only where a court "is confronted with an otherwise unresolvable ambiguity in a criminal statute[.]" Oglesby, 2015 WL 735175, at *3. As discussed above, CR § 2-201(a)(4) is not ambiguous—CR § 2-201(a)(4)'s plain language demonstrates that only one predicate felony is required to support a felony murder conviction, and, accordingly, only one

offense, third-degree sexual offense, and fourth-degree sexual offense with child abuse, see id. at 708, 542 A.2d at 377, we noted that all of the sexual offenses shared "a common element: that the activity be for the sexual arousal, gratification or abuse of the actor or the victim[,]" id. at 703-04, 542 A.2d at 375. And, in Nicolas, 426 Md. at 399-400, 44 A.3d at 404, we merged for sentencing purposes two convictions for second-degree assault with a conviction for resisting arrest. Id. at 400, 44 A.3d at 404. Significantly, however, in Nicolas, the two convictions that merged were the same crime—second-degree assault. Here, unlike in Snowden, we are faced with merger of two convictions, not one conviction, into a third conviction. And, although Nightingale and Nicolas involved merger of multiple convictions into another conviction, the convictions that merged were either the same crime or varying degrees of one crime that shared a common element. Here, kidnapping and robbery are separate and distinct crimes, and the two crimes are not varying degrees of the same crime and do not share a common element. Compare State v. Stouffer, 352 Md. 97, 105, 721 A.2d 207, 211 (1998) ("Kidnapping is a statutory crime in Maryland. [The statute] makes it a felony to forcibly or fraudulently carry or cause 'any person' to be carried out of or within Maryland with the intent to have the victim carried or concealed in or out of the State."), with Metheny v. State, 359 Md. 576, 605, 755 A.2d 1088, 1104 (2000) ("Robbery is the felonious taking and carrying away of the personal property of another from his person by the use of violence or by putting in fear." (Citation and internal quotation marks omitted)).

We are likewise unpersuaded by Johnson's reliance on a concurring and dissenting opinion in Fisher v. State, 367 Md. 218, 282-93, 786 A.2d 706, 744-50 (2001) (Bloom, J., concurring and dissenting). Merger was not at issue in the case, and was not addressed in the majority opinion. See id. at 263 n.14, 786 A.2d at 733 n.14 ("Petitioners have not made any alternative argument that if we were to hold that second degree felony murder may be predicated on the child abuse in this case, the sentences for child abuse would merge into the sentence for second degree murder.").

- 11 -

conviction for a predicate felony will merge for sentencing purposes with the felony murder conviction. It is correct that CR § 2-201(a)(4) does not state that separate sentences may be imposed for the predicate felonies. We hasten to point out, however, that CR § 2-201(a)(4) concerns only felony murder; the permissible sentences for the enumerated predicate felonies are found elsewhere in the Criminal Law Article. The absence of language in CR § 2-201(a)(4) explicitly authorizing separate sentences for the predicate felonies does not mean that CR § 2-201(a)(4) is ambiguous such that we must avail ourselves of the rule of lenity.

Having concluded that, under the required evidence test, a conviction for only one predicate felony merges for sentencing purposes with the felony murder conviction, and that applying the rule of lenity does not result in merger of additional convictions for predicate felonies, we turn to determining which predicate felony merges. We conclude, in agreement with the State—and as asserted by Johnson in the event we hold as we do— that, in the absence of an unambiguous designation by the trier of fact, the predicate felony with the greatest maximum sentence merges for sentencing purposes with the felony murder conviction, and the defendant may be separately sentenced for any remaining predicate felonies.[7] This rule is straightforward and provides the defendant with the benefit

---

[7]We are unpersuaded by the parties' reliance on cases from other jurisdictions. Cases from other jurisdictions, although perhaps persuasive, are not binding. And, in any event, the cases simply demonstrate that other jurisdictions have adopted varying approaches when faced with the same issue. See, e.g., Harling v. United States, 460 A.2d 571, 573-74 (D.C. 1983) ("[W]e agree that . . . consecutive sentences cannot be imposed for felony murder and the underlying felonies. . . . [U]pon remand[, the trial court] is to vacate either the conviction for felony murder or the convictions for the underlying

- 12 -

of merger of the predicate felony with the greatest maximum sentence.[8]

Applying this rule to the instant case, we note that, under CR § 3-502(b), the maximum sentence for kidnapping is thirty years' imprisonment, and, under CR § 3-402(b), the maximum sentence for robbery is fifteen years' imprisonment; thus, kidnapping carries the greater maximum sentence. Accordingly, the conviction for kidnapping—the crime with the greater maximum sentence—merges for sentencing purposes with the felony murder conviction, and the sentence for robbery shall remain as imposed by the circuit court.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED INSOFAR AS THAT COURT VACATED THE SENTENCE FOR ROBBERY. JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN ALL OTHER RESPECTS. RESPONDENT TO PAY COSTS.**

---

felonies."); Thompson v. State, 426 S.E.2d 895, 897 (Ga. 1993) ("[W]here it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court must merge the most severe (in terms of potential punishment)."); State v. Hill, 868 A.2d 290, 300 (N.J. 2005) ("We [] hold that there is a compelling need for the use of special verdict forms . . . for the jury to designate which felony or felonies constitute the predicate crime for a felony murder conviction. If the jury designates more than one felony as the predicate for felony murder, the trial court at sentencing is to merge only the predicate felony that set in motion the chain of events leading to the murder—the 'first-in-time' predicate felony—into the felony murder conviction." (Citation, brackets, and some internal quotation marks omitted)).

[8]We note that our holding is consistent with Judge Moylan's view on the matter:

> If the fact finder failed so to designate [which felony served as the basis for the felony murder conviction], the sentencing judge should, under the rule of lenity, give the defendant the benefit of the doubt, merging the felony with the greater possible sentence and leaving as the basis for separate punishment the one with the lesser possible sentence.

Moylan, Criminal Homicide Law, § 5.6 at 126.

- 13 -