*State of Maryland v. Juan Pablo Bustillo*, No. 56, September Term 2021.  Opinion by Gould, J.

**SENTENCING AND PUNISHMENT---PROBATION**

A trial court's failure to articulate the duration of the defendant's probation, as required by Maryland Rule 4-346(a), is a procedural error that must be raised at the trial level.

**SENTENCING AND PUNISHMENT---ILLEGAL SENTENCE**

A trial court did not impose an illegal sentence under Rule 4-346(a) when it failed to articulate the duration of the defendant's probation.

Circuit Court for Prince George's County
Case No.: CT181511X
Argued: April 8, 2022

IN THE COURT OF APPEALS

OF MARYLAND

No. 56

September Term, 2021

STATE OF MARYLAND

v.

JUAN PABLO BUSTILLO

*Getty, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
McDonald, Robert N. (Senior Judge,
    Specially Assigned)

JJ.

Opinion by Gould, J.

Filed: August 24, 2022

*Getty, C.J., now a Senior Judge, participated in the hearing and conference of this case while an active member of this Court. After being recalled pursuant to Md. Const., Art. IV, § 3A, he also participated in the decision and adoption of this opinion.



Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Suzanne C. Johnson, Clerk

This case requires us to determine whether an error made during the sentencing of a defendant rendered the resulting sentence illegal. Here, the sentencing court imposed a split sentence of 25 years, suspending five years. Although the court mentioned probation and referenced "conditions of probation," it failed to advise the defendant of the duration of probation, as required by Maryland Rule 4-346(a). The court did, however, include the duration, a five-year term, and conditions of probation in the probation order that the defendant and his counsel signed prior to leaving the courtroom. The defendant appealed, alleging the sentence was illegal. The Court of Special Appeals reversed in a reported decision, holding that the violation of Rule 4-346(a) rendered the sentence illegal, and remanded the case to the circuit court to, among other things, strike the five-year probation from the sentence.

For the reasons that follow, we respectfully disagree with the Court of Special Appeals and hold that the violation of Rule 4-346(a) was a procedural defect in the sentencing proceeding that did not render the sentence illegal.

## BACKGROUND

### *The Sentence*

On November 20, 2018, Juan Pablo Bustillo was indicted in the Circuit Court for Prince George's County for sexually abusing his daughter from the time she was nine until she was 15, and for other related offenses. On October 16, 2019, he was convicted of sexual abuse of a minor, third-degree sexual offense, and second-degree assault.

At his sentencing, both sides sought a split sentence that included a period of probation. The State requested a sentence of 45 years, with all but 25 years suspended,

plus five years of supervised probation.[1]  Defense counsel asked the court to sentence Mr.

Bustillo "to a period of probation, suspending . . . all but three or four years."

The trial court announced Mr. Bustillo's sentence as follows:

THE COURT: . . . with respect to child abuse -- sexual child abuse, the Court will impose a sentence of 25 years' incarceration, suspend all but 20 years, give you credit for 447 days already served.  Just so the record is clear, I am going two years above guidelines due to the nature and circumstances of the offense at hand.  With respect to sex offense in the third degree, the Court will impose a sentence of ten years' incarceration, suspend all but two years to run concurrent to the sentence imposed for –

[THE STATE]: I believe it's Count Four.

THE COURT: -- for Count One.  With respect to Count Four, second degree assault, the Court will impose a sentence of ten years' incarceration, suspend all but six months to run concurrent to the sentence imposed in Count One and Count Three.  As conditions of probation, we will mandate that the defendant register as a lifetime sexual offender.  We will also order that the defendant participate in the Sex Offender Program as needed by Parole and Probation.  We will also order that the defendant have no contact -- excuse me, no contact with his daughter, . . . and no contact with -- what's the mother's name?

[DEFENSE COUNSEL]: I. D.

THE COURT: -- with Ms. D.  We will also order that the defendant undergo drug and alcohol evaluation and treatment as deemed appropriate by Parole and Probation.

[THE STATE]: And the lifetime supervision, Your Honor.

THE COURT: Lifetime supervision, also.

---

[1] The State did not specify how the 45-year recommended sentence should have been allocated across the three counts on which Mr. Bustillo was convicted.

The court did not state the length of Mr. Bustillo's probation. The court explained to Mr. Bustillo his appeal rights and told him: "You do have some paperwork that you need to sign, so just have a seat."

The sentencing judge then signed and issued a written probation order. Mr. Bustillo and defense counsel both signed the order, the latter as a witness to the former's signature.[2] The order stated that Mr. Bustillo was sentenced to supervised probation for five years, beginning upon his release, and contained various terms and conditions, including that he was required to attend alcohol and drug treatment, have no contact with the victim or her mother, and complete a sexual assault treatment program through the parole and probation department.

### Court of Special Appeals

Mr. Bustillo noted a timely appeal to the Court of Special Appeals and raised two issues, only the second of which is relevant here. Mr. Bustillo argued that because the sentencing judge never articulated that he "would have to serve a specific period of probation when he finished his period of incarceration[,]" the inclusion of five years of probation on the docket entries, commitment record, and probation order were illegal. Mr. Bustillo contended that those documents required correction to reflect that the sentencing court did not order probation.

---

[2] Though illegible, we compared the signature of the "witness" on the probation order to a signature by defense counsel on one of his court filings in this case, and it appears that they were both signed by the same person. **[See Appendix]**

3

Mr. Bustillo asserted that because the sentence articulated at the hearing controls, and the sentencing court did not impose a term of probation, he was not sentenced to probation. Citing to *Robinson v. Lee*, 317 Md. 371, 379-80 (1989), and Maryland Rule 4-346(a),[3] Mr. Bustillo further argued that because he had the right to be accurately apprised of his sentence at the sentencing hearing, the subsequent addition of probation violated his right to fundamental fairness.

The State argued that Mr. Bustillo was not entitled to raise this issue on appeal because he failed to preserve it in the circuit court. According to the State, there are limited exceptions to the preservation requirement, and this was not one of them because the court's failure to specify the duration of probation was a mere procedural error that did not render Mr. Bustillo's sentence "inherently illegal."

The Court of Special Appeals reversed, holding that the trial court "illegally increased [Mr. Bustillo's] sentence by adding a five-year period of probation." *Juan Pablo B. v. State*, 252 Md. App. 624, 628 (2021). The Court first determined that the transcript from the sentencing hearing, which did not indicate that Mr. Bustillo's sentence included a five-year term of probation, conflicted with the probation order, which clearly reflected this term. *Id*. at 639. The Court noted that the trial court violated Rule 4-346(a), for failing

---

[3] Rule 4-346(a) provides:

When placing a defendant on probation, the court shall advise the defendant of the conditions and duration of probation and the possible consequences of a violation of any of the conditions. The court also shall file and furnish to the defendant a written order stating the conditions and duration of probation.

to advise the defendant of the conditions and duration of probation in open court, and that the court compounded its error by failing to comply with the procedure for correcting mistakes in the sentencing, as outlined in Rule 4-345(c).[4] *Id*. at 641-42.

The Court next addressed whether the two Rule violations resulted in an inherently illegal sentence, as argued by Mr. Bustillo, or constituted a procedural error, as argued by the State. The Court observed that inherently illegal sentences generally come in three varieties: (1) a sentence that exceeds the statutory maximum, *id.* at 642 (citing *Carlini v. State*, 215 Md. App. 415, 427 (2013)), or is less than the required minimum, *id.* at 642 (citing *Hoile v. State*, 404 Md. 591, 620 (2008)); (2) a sentence that "never should have been imposed," *id*. at 642 (quoting *Johnson v. State*, 427 Md. 356, 368-69 (2012)); or (3) a sentence that exceeds the cap imposed by a binding plea agreement, *id.* at 642 (citing *Matthews v. State*, 424 Md. 503, 518-19 (2012)). The Court noted, however, that it is "less clear whether a sentence imposed in violation of a mandatory Maryland Rule likewise is inherently illegal." *Id.* at 642-43.

In analyzing this issue, the Court reviewed three cases involving the failure to comply with Rule 4-245(b) in the imposition of enhanced sentences: *Armstrong v. State*, 69 Md. App. 23 (1986); *Carter v. State*, 319 Md. 618 (1990); and *Bailey v. State*, 464 Md. 685 (2019). *Juan Pablo B.*, 252 Md. App. at 643-44. The Court also discussed cases involving sentences in violation of binding plea agreements—*Dotson v. State*, 321 Md. 515

---

[4] Rule 4-345(c) provides: "The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

(1991); *Cuffley v. State*, 416 Md. 568 (2010); *Baines v. State*, 416 Md. 604 (2010); and *Matthews v. State*, 424 Md. 503 (2012). *Juan Pablo B.,* 252 Md. App. at 645-46. From its analysis of these two lines of cases, the Court concluded that "generally, but not always, sentences that are imposed in violation of a mandatory Maryland rule are inherently illegal." *Id.* at 646.

In determining whether that general rule should apply to Mr. Bustillo's sentencing, the Court focused its analysis on *Jones v. State*, 384 Md. 669 (2005) and *Montgomery v. State*, 405 Md. 67 (2008). *Juan Pablo B.*, 252 Md. App. at 646. Based on its review of these cases, the Court concluded that the duration of a term of probation is an integral part of a sentence, that a defendant has the right to rely upon the sentence announced orally by the trial court, and that, therefore, the trial court's failure to specify the term of Mr. Bustillo's probation, in violation of Rule 4-346(a), resulted in an illegal sentence. *Id.* at 650-51.

The Court concluded that, under *Cathcart v. State*, 397 Md. 320, 330 (2007), the unsuspended part of the sentence—the 20 years—was the effective sentence. *Juan Pablo B.*, 252 Md. App. at 651-52. Observing that the "resulting sentence is a 20-year flat sentence on the flagship charge, and concurrent terms of two years' imprisonment for third-degree sexual offense and six months of imprisonment for second-degree assault," the Court remanded the case for resentencing. *Id.* at 652 n.24.

### Petition for Certiorari

The State filed a petition for *certiorari*, which we granted. *State v. Bustillo*, 477 Md. 150 (2022).

6

The State presents us with one question:

Did the Court of Special Appeals err in holding that a sentencing court's failure to comply with Maryland Rule 4-346(a) when imposing a period of probation results in an "illegal sentence" within the meaning of Maryland Rule 4-345(a)?

Notwithstanding the compelling analysis of the intermediate appellate court to the contrary, we agree with the State that the errors committed by the trial court did not result in the imposition of an illegal sentence. Accordingly, we reverse.

## DISCUSSION

### *The Parties' Contentions*

The State reiterates its argument that Mr. Bustillo was barred from arguing that probation was improper. In support of its argument, the State cites Maryland Rule 8-131(a), which provides that appellate courts do not address issues that were neither raised nor decided in the trial court, and Rule 4-323(c), which requires parties to inform the court of "the action that the party desires the court to take or the objection to the action of the court[.]" The State also cites Rule 4-345(a), which grants the court authority to "correct an illegal sentence at any time" and argues that the Rule is a rare and narrow exception to the preservation requirements. The State maintains that Rule 4-345(a) is limited to correcting sentences that are "inherently illegal," not procedural errors in the sentencing process. And because the error here was of the latter variety, it provides Mr. Bustillo no basis for relief.

Mr. Bustillo argues that the court's failure to inform him of the duration of his probation at sentencing resulted in "fundamental unfairness" and failed to "put[] the

7

correctional authorities on notice as to their role in overseeing the sentence." As a result, he argues, the court lacked the authority to impose a period of probation because it failed to provide both the duration and the terms of probation, as required by Rule 4-346(a). He maintains that his sentence was therefore inherently illegal, and, to the extent the court attempted to fix its violation of Rule 4-346(a) by providing such information in the probation order, that action was inadequate because the court failed to comply with the requirements imposed by Rule 4-345(c) for fixing "evident mistake[s] in the announcement of a sentence[.]"

Mr. Bustillo further contends that because conflicts between the transcript of the sentencing hearing and docket entries and/or commitment records are resolved in favor of the transcript unless the transcript is shown to be in error, "there is no reason why transcripts should not also take precedence over probation orders." Therefore, he contends, "issuing a probation order (and other documents) that went beyond the sentence imposed on the record conflicted with the general rule that statements made on the record in the transcript control the nature of the imposed sentence."

Further, Mr. Bustillo maintains that Rule 4-346(a) cannot be read in isolation from sections 6-221 and 6-222 of the Criminal Procedure Article ("CP") of the Maryland Code (2001, 2018 Repl. Vol.), which establish the court's authority to impose probation and split sentences. Construed in this light, Mr. Bustillo contends that the court lacked authority to: (1) impose a probation period that exceeded five years, *see Kupfer v. State*, 287 Md. 540, 543 (1980); (2) impose probation in the absence of a split sentence, *see Laurie v. State*, 29 Md. App. 609 (1976); and (3) impose an indeterminate sentence, *see id*. Because under

8

*Cathcart v. State*, 397 Md. 320 (2007), the remedy for failing to impose an actual term of probation when purporting to suspend a part of the sentence is to vacate the probation term and treat the unsuspended part of the sentence as the effective sentence, Mr. Bustillo argues that his sentence should not include any probation.

Mr. Bustillo further contends that the mention of "conditions of probation" during his sentencing hearing did not unambiguously impose a term of probation as required under CP § 6-221 because, as the Court of Special Appeals observed, "the sentencing court did not clearly differentiate between probation and lifetime supervision" and each of the conditions of supervision mentioned by the court on the record were likewise permissible conditions under CP § 11-723. Accordingly, Mr. Bustillo argues that the Court correctly held that the "transcript was ambiguous as to whether [Mr. Bustillo] was fully aware that he was being sentenced to probation in addition to the conditions imposed under CP § 11-723."[5]

---

[5] CP § 11-723 provides:

**Persons subject to lifetime sexual offender supervision**

(a) Except where a term of natural life without the possibility of parole is imposed, a sentence for the following persons shall include a term of lifetime sexual offender supervision:

(1) a person who is a sexually violent predator;
(2) a person who has been convicted of a violation of:
   (i) § 3-303 or § 3-304 of the Criminal Law Article; or
   (ii) § 3-305 or § 3-306(a)(1) or (2) of the Criminal Law Article as the sections existed before October 1, 2017;
(3) a person who has been convicted of a violation of § 3-309 or § 3-310 of the Criminal Law Article, § 3-311 of the Criminal Law Article as the section existed before October 1, 2017, or an attempt to commit a

violation of § 3-306(a)(1) or (2) of the Criminal Law Article as the section existed before October 1, 2017;

(4) a person who has been convicted of a violation of § 3-602 of the Criminal Law Article involving a child under the age of 12 years;

(5) a person who is required to register under § 11-704(c) of this subtitle; and

(6) a person who has been convicted more than once arising out of separate incidents of a crime that requires registration under this subtitle.

### Sentences including lifetime sexual offender supervision

(b) Except where a term of natural life without the possibility of parole is imposed, a sentence for a violation of § 3-307(a)(1) or (2) of the Criminal Law Article may include a term of lifetime sexual offender supervision.

### Term and commencement of lifetime sexual offender supervision

(c)(1) Except as provided in paragraph (2) of this subsection, the term of lifetime sexual offender supervision imposed on a person for a crime committed on or after October 1, 2010, shall:

> (i) be a term of life; and
>
> (ii) commence on the expiration of the later of any term of imprisonment, probation, parole, or mandatory supervision.

(2) For a person who is required to register under § 11-704(c) of this subtitle, the term of lifetime sexual offender supervision imposed for an act committed on or after October 1, 2010, shall:

> (i) commence when the person's obligation to register commences; and
>
> (ii) expire when the person's obligation to register expires, unless the juvenile court:
>
> > 1. finds after a hearing that there is a compelling reason for the supervision to continue; and
> >
> > 2. orders the supervision to continue for a specified period of time.

### Presentence investigations and risk assessments done prior to imposing special conditions to supervision

(d)(1) For a sentence that includes a term of lifetime sexual offender supervision, the sentencing court, or juvenile court in the case of a person who is required to register under § 11-704(c) of this subtitle, shall impose

10

By failing to clearly place him on probation, and by then purporting to do so through the probation order, commitment record, and docket entries, Mr. Bustillo maintains, the sentencing court violated Rule 4-346(a). Additionally, by waiting until after the sentencing hearing to impose probation in the probation order, Mr. Bustillo argues, the court exceeded

special conditions of lifetime sexual offender supervision on the person at the time of sentencing, or imposition of the registration requirement in juvenile court, and advise the person of the length, conditions, and consecutive nature of that supervision.
(2) Before imposing special conditions, the sentencing court or juvenile court shall order:
    (i) a presentence investigation in accordance with § 6-112 of the Correctional Services Article; and
    (ii) for a sentence for a violation of § 3-307(a)(1) or (2) of the Criminal Law Article, a risk assessment of the person conducted by a sexual offender treatment provider.
(3) The conditions of lifetime sexual offender supervision may include:
    (i) monitoring through global positioning satellite tracking or equivalent technology;
    (ii) where appropriate and feasible, restricting a person from living in proximity to or loitering near schools, family child care homes, child care centers, and other places used primarily by minors;
    (iii) restricting a person from obtaining employment or from participating in an activity that would bring the person into contact with minors;
    (iv) requiring a person to participate in a sexual offender treatment program;
    (v) prohibiting a person from using illicit drugs or alcohol;
    (vi) authorizing a parole and probation agent to access the person's personal computer to check for material relating to sexual relations with minors;
    (vii) requiring a person to take regular polygraph examinations;
    (viii) prohibiting a person from contacting specific individuals or categories of individuals; and
    (ix) any other conditions deemed appropriate by the sentencing court or juvenile court.
(4) The sentencing court or juvenile court may adjust the special conditions of lifetime sexual offender supervision, in consultation with the person's sexual offender management team.

11

its authority under CP § 6-221. Thus, Mr. Bustillo maintains, the Court of Special Appeals correctly vacated the five-year probation period, resulting in a "flat, term-of-years sentence[]."

*Analysis*

**A**

Rule 4-345(a) provides that "[t]he court may correct an illegal sentence at any time." The phrase "at any time" means that the preservation requirements do not apply to challenges to illegal sentences; that is, the court's authority to correct an illegal sentence exists even if the defendant failed to object in the trial court at the sentencing hearing or raise the issue in a direct appeal. *Bailey v. State*, 464 Md. 685, 696 (2019). Indeed, the only temporal limitation on "at any time" is that the correction must occur before the sentence is fully served. *Barnes v. State*, 423 Md. 75, 86 (2011).[6]

Lest Rule 4-345(a) swallow up the preservation requirement, the scope of the court's authority under this Rule is "narrow." *Bailey v. State*, 464 Md. 685, 697 (2019) (citation omitted). The Rule is designed to correct "inherently illegal" sentences, not sentences resulting from "procedural error[s]." *Id.* at 696 (citing *Colvin v. State*, 450 Md. 718, 728 (2016)). Thus, "only claims sounding in substantive law, not procedural law, may be raised through a [Maryland] Rule 4-345(a) motion." *Id.* (*quoting Colvin*, 450 Md. at 728). "[T]he

---

[6] A defendant may invoke Rule 4-345(a) in a motion to correct sentence in the trial court, on direct appeal, or "collaterally and belatedly[.]" *Chaney v. State*, 397 Md. 460, 466 (2007). The denial of a motion in the trial court is appealable. *Id.*

illegality must inhere in the sentence itself, rather than stem from trial court error during the sentencing proceeding." *Matthews v. State*, 424 Md. 503, 512 (2012).

Accordingly, "a trial court error during the sentencing proceeding is not ordinarily cognizable under Rule 4-345(a) where the resulting sentence or sanction is itself lawful." *Montgomery v. State*, 405 Md. 67, 74-75 (2008) (citation omitted). Additionally, whether a sentence is illegal for purposes of Rule 4-345(a) is a question of law that we review without deference to either the trial or intermediate appellate courts. *Bailey*, 464 Md. at 696.

As this Court has stated:

> *We have consistently defined this category of "*illegal sentence*" as limited to those situations in which the* illegality [of the sentence] inheres in the sentence itself; *i.e.*, there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful.

*Chaney*, 397 Md. at 466 (emphasis added).

**B**

Mr. Bustillo does not dispute that the inquiry under Rule 4-345(a) is whether the court had the inherent authority to impose the sentence. And he does not contend that a 25-year sentence with 5 years suspended, coupled with a 5-year probation, was not within the court's authority. Rather, he contends that the court lacked authority "to place someone on probation without actually informing them that they are being placed on probation or without indicating the duration on the record."

13

When a sentencing court sentences a defendant "for a crime that carries a prison sentence[,]" the court has the discretion to choose among four options.[7] *Cathcart*, 397 Md. at 326. The option relevant here derives from CP § 6-222(a), which provides the authority for a sentencing court to impose what is known as a "split sentence."[8]

---

[7] There are four options available to a court sentencing a defendant for a crime that carries a prison sentence:

(1) the court may impose up to the maximum allowable sentence, and if the court does not indicate anything to the contrary, the defendant serves the entire sentence, subject to any earlier release only through parole, a pardon, or credit against the sentence;

(2) the court may suspend the imposition or execution of a sentence and place the defendant on probation;

(3) the court may impose a split sentence, where the defendant is sentenced to the full sentence the court intends to impose, and the court orders that (a) the defendant be incarcerated for only a portion of the sentence, (b) the remainder of the sentence is suspended, and (c) the defendant is placed on probation for a specific term; and

(4) the court may impose a period of imprisonment as a condition of probation.

*Cathcart v. State*, 397 Md. 320, 326-27 (2007).

[8] Section 6-222(a) provides:

A circuit court or the District Court may:
    (1) impose a sentence for a specified time and provide that a lesser time be served in confinement;
    (2) suspend the remainder of the sentence; and
    (3) (i) order probation for a time longer than the sentence but, subject to subsections (b) and (c) of this section, not longer than:
        1. 5 years if the probation is ordered by a circuit court; or
        2. 3 years if the probation is ordered by the District Court; or
    (ii) if a defendant convicted of sexual abuse of a minor under § 3-602 of the Criminal Law Article, a crime involving a minor under § 3-303, § 3-304, or § 3-307 of the Criminal Law Article, or a crime involving a minor under § 3-305 or § 3-306 of the Criminal Law Article as the sections existed before October 1, 2017, consents in writing, order probation for a time longer than

14

As explained in *Cathcart*, the suspension of part of the sentence goes hand-in-hand with probation:

> Absent conditioning the suspension on a period of probation, the sentence would no longer be a split sentence, for without such a provision, there would be no ability for the court ever to direct execution of the suspended part of the sentence. No matter what the defendant may thereafter do, he or she could never be incarcerated, under that sentence, for a longer period of time than provided for by the unsuspended part.

397 Md. at 329.

While CP § 6-222 confers the authority of the circuit court to place a defendant on probation as part of a split sentence, Rule 4-346(a) prescribes the process for doing so:

> When placing a defendant on probation, the court shall advise the defendant of the conditions and duration of probation and the possible consequences of a violation of any of the conditions. The court also shall file and furnish to the defendant a written order stating the conditions and duration of probation.

The use of the mandatory word "shall" in Rule 4-346(a) means that the sentencing court is *required* to advise the defendant of the conditions and duration of probation; it is not optional. Nevertheless, although we do not take lightly noncompliance of mandatory provisions of any rule, let alone one of such importance as Rule 4-346(a), we respectfully disagree with Mr. Bustillo that such failure rendered his sentence illegal.

Maryland Rule 1-201(a) explains how to determine the consequences of noncompliance with a mandatory rule, as follows:

> These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. When a

---

> the sentence that was imposed on the defendant, but not longer than:
> 1. 10 years if the probation is ordered by a circuit court; or
> 2. 6 years if the probation is ordered by the District Court.

15

rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

We have not been directed to any rule or statute that prescribes the consequences for noncompliance with Rule 4-346(a), nor have we found one through our own research. Thus, we must turn to "the totality of the circumstances and the purpose of the rule" to determine whether noncompliance rendered his sentence illegal.

In determining the purpose of the Rule, we first observe that, in addition to the court's duty to *verbally* advise the defendant of the conditions and duration of probation, Rule 4-346(a) also requires the court to provide the defendant with a *written* order providing the same. This belt and suspenders approach is consistent with the sentiments we expressed in *Robinson v. Lee*, and upon which Mr. Bustillo relies for his "fairness" argument:

> Fundamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions. If there is doubt as to the penalty, then the law directs that his punishment must be construed to favor a milder penalty over a harsher one. *Wright v. State,* 24 Md. App. 309, 330 A.2d 482 (1975); *see also Gatewood v. State,* 244 Md. 609, 224 A.2d 677 (1966); *Grimm v. State,* 212 Md. 243, 129 A.2d 128 (1957).
>
> We hasten to add that the trial judges of this state can avoid this dilemma. All they need do is spell out with reasonable specificity the punishment to be imposed commensurate with the defendant's background, conduct, and personality traits. In our view, this is the beginning of the correctional process. If the punishment is clear, the defendant can begin to conform.

317 Md. 371, 379-80 (1989). Thus, "[t]he obvious purpose of Rule 4-346(a) is to ensure that a defendant need not engage in guesswork" about the duration and conditions of

probation as well as the consequences of violating such conditions. *My Nguyen v. State*, 189 Md. App. 501, 508 (2009).

Here, however, considering the circumstances, we conclude that Mr. Bustillo did not have to resort to guesswork. *First*, both the State and defense counsel requested a period of probation—the State requested five years, and defense counsel requested three to four years. Although the court was not required to accede to either request, probation clearly had to have been on Mr. Bustillo's radar as the court began to announce his sentence.

*Second*, the court's statements about the gravity of the crimes Mr. Bustillo committed indicated a likelihood that the maximum prison sentence was about to be imposed.[9] The court stated that "short of a homicide," it could not find conduct "more reprehensible and disgusting than deriving some type of sexual gratification from a child. But then to exacerbate the situation to have that child be your own biological offspring, it's incredibly disturbing."

*Third*, as noted above, when a court imposes a prison term and suspends the execution of a part of it, the court must also impose a period of probation attached to the suspended portion of the sentence. *Cathcart*, 397 Md. at 327. Thus, in light of the court's expressed sentiments on the gravity of the crime, when the court announced a 25-year sentence with all but 20 years suspended, defense counsel would not have reasonably

---

[9] Mr. Bustillo was charged with the crime of sexual abuse of a minor under Section 3-602(b)(1) of the Criminal Law Article ("CR") of the Maryland Code (2002, 2012 Repl. Vol.), which carries a maximum sentence of 25 years. CR § 3-602(c).

17

understood that the court intended to impose a flat sentence of 20 years without any probation. *See id.* at 330 (a life sentence with all but 10 years suspended, in the absence of a probation, results in an effective 10-year sentence). Put another way, defense counsel would have understood from the court's announcement of a split sentence that the court was also placing Mr. Bustillo on probation.

*Fourth*, after imposing a split sentence that, by definition, implied a period of probation, the court expressly referenced the "conditions of probation" and, referring to the probation order, told the defendant at the conclusion of the sentencing that "[y]ou do have some paperwork that you need to sign, so just have a seat." Mr. Bustillo's counsel would have understood that the probation order was forthcoming.

*Fifth*, although the transcript is silent on the duration of probation, the probation order that Mr. Bustillo and his counsel signed before he left the courtroom specifies a five-year term and the conditions of probation.[10] This is no small point. The probation order is

---

[10] Mr. Bustillo's signature appears below the following statement of consent:

> I have read, or have had read to me, the above conditions of probation. I understand these conditions and agree to follow them. I understand that if do not follow these conditions, I could be returned to court charged with violation of probation.
>
> If I fail to abide by the above conditions, the court could enter judgment against me and proceed with disposition as if I had not been placed under probation. I have been notified and understand that by consenting to and receiving a stay of judgment under Criminal Procedure Article, 6-220, I waive my right to appeal from judgment of guilty by the court in this case.
>
> I understand that my failure to comply with Condition 10 may result in my case being referred to the State's Central Collection Unit, resulting in an additional collection fee as permitted by law.

not an administrative document prepared by a clerk, such as a docket entry or commitment record; it is a court order. As such, a probation order, bearing the signatures of Mr. Bustillo and his counsel, holds significant weight in our consideration of the relevant circumstances.

In sum, this is not a situation where the transcript conflicts, or is inherently incompatible, with the probation order or commitment record; the probation order merely filled the informational gap from the court's announcement of the sentence. *See, e.g.*, *State v. Brown*, 464 Md. 237, 268 (2019) (resolving conflict between the court's statement and the commitment record, probation record, and docket entries by finding that the transcript controlled and the court did not make an "evident mistake" by informally correcting this error by having the documents reflect the correct sentence); *Gatewood v. State*, 158 Md. App. 458, 482 (2004) (resolving conflict between trial court's failure to specify if sentence was consecutive and docket and commitment entries, which stated the sentence was consecutive, by finding that the court's failure to state that the sentence was consecutive made it concurrent); *Jackson v. State*, 68 Md. App. 679, 690-91 (1986) (resolving conflict whether restitution was to be paid only as a condition of probation or as part of the sentence based on what the probation order stated after determining that the docket entry was ambiguous, the probation order was clear, and the trial transcript was unavailable); *Shade v. State*, 18 Md. App. 407, 413 (1973) (finding that defendant had not been sentenced to probation, even though the trial court probably intended to sentence the defendant to the

---

> I understand that Parole and Probation may impose Graduated Sanctions upon me for any technical violation of the above conditions of probation, as authorized pursuant to Correctional Services Article, §§ 6-111 and 6-121.

19

probation period stated in the probation order, because the transcript was clear that the only condition for the suspension of the defendant's sentence was to pay the fines and costs).

Rather, here, the court expressly and implicitly informed Mr. Bustillo that his sentence included probation. The probation order signed by Mr. Bustillo and his counsel provided any missing information concerning the conditions and duration of the probation. All told, no speculation was required on Mr. Bustillo's part—he knew the precise details of his sentence before he left the courtroom. *See Costello v. State*, 240 Md. 164, 168 (1965) ("Sentencing is a definite and objective matter, and it is for that reason that the only sentences known to the law are those which appear in the public records of the courts."). Thus, pursuant to Rule 1-201(a), considering the totality of the circumstances, we hold that the purpose of Rule 4-346(a) was satisfied here. Accordingly, although the court violated a mandatory requirement of Rule 4-346(a), such violation did not, in and of itself, render the resulting sentence illegal.

## C

We are also persuaded by our review of the case law applying Rule 4-345(a) that the error committed by the circuit court in this case was a procedural error that does not give rise to a cognizable claim of illegality. To shed light on why the error here falls on the procedural side of the divide, we will briefly review a subset of such cases.

## 1

In *Bailey v. State*, 464 Md. 685, 690 (2019), the defendant was tried and convicted by a jury of driving while impaired by alcohol and related offenses. As a subsequent offender, the defendant was subject to enhanced penalties under Section 21-902(b)(1) of

20

the Transportation Article of the Maryland Code (1977, 2020 Repl. Vol.). To seek an enhanced penalty, the State was required under Rule 4-245(b) to give notice to the defendant at least 15 days before trial.[11] The State's notice, however, was five days too late. The defendant made no objection to the late notice, and the court imposed an enhanced sentence. *Bailey*, 464 Md. at 690-91.

The issue in *Bailey* was whether the late notice "resulted in an illegal sentence requiring correction, or instead, whether the late notice was a procedural deficiency subject to harmless error review." *Id*. at 691. In holding that the late notice did not render the sentence illegal, we stated that "[t]he State's imperfect compliance created a procedural deficiency in the sentence but not a sentence in which the circuit court did not have statutory power to impose." *Id.* at 697. We concluded that review under Rule 4-345(a) was not "appropriate in this matter." *Id*.

Although the defendant in *Bailey* failed to object to the State's tardy notice, we nevertheless exercised our discretion under Rule 8-131(a) to review the issue. We surveyed prior cases addressing Rule 4-245(b) and noted that the purpose of the Rule was "to inform a defendant fully of the nature of the State's case against him in order that he

---

[11] Rule 4-245(b) provides:

> When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier. The notice required under this section shall be substantially in the form approved by the State Court Administrator and posted on the Judiciary website.

may intelligently conduct his defense." *Id*. at 699 (quoting *King v. State*, 300 Md. 218, 231 (1984)).  We contrasted our decision in *King v. State*, where we found that the notice, while defective, served the function of notifying the defendant of the potential enhancement, with *Carter v. State*, 319 Md. 618 (1990), where no such notice was given.  *Bailey*, 464 Md.at 700-01.  We noted that the "failure to provide notice impacts substantive rights and undermines completely the purpose of the notice requirement[,]" but "when there is a procedural defect with the notice, such as untimely notice or other defects, the enhancement is subject to harmless error analysis."  *Id.* at 701.  We concluded that the defendant "would [not] have proceeded any differently" had the State sent the notice five days earlier, as required by the Rule, and therefore found that the State's noncompliance amounted to harmless error.  *Id*. at 702.

Similarly, here, the error made by the circuit court was procedural, and as discussed above, the purpose of the Rule was satisfied.

**2**

In *Colvin v. State*, the defendant was found guilty of various counts related to the murder of one person and attempted murder of another person.  450 Md. 718, 723 (2016).  The verdict was announced in open court by juror number 3.  The clerk read each charge and asked that juror if the defendant was found guilty or not guilty.  After juror number 3 announced the verdict for each of the six charges, defense counsel asked the clerk to poll the jury.  The clerk asked each juror—except juror number 3—if their verdict was the same as the one just announced in court.  Each juror responded yes, but the clerk forgot to ask juror number 3—the same juror who announced the verdicts.  The clerk then hearkened the

22

verdict by reciting the verdict for each charge, concluding with "and so say you all?" Every juror, including juror number 3, responded affirmatively. The court dismissed the jury. At no time did anyone object to the clerk's failure to specifically ask juror number 3 during the polling of the jury. Nor did defense counsel raise the issue after the jury was dismissed, in a post-trial motion, at sentencing, or on direct appeal. *Id.* at 722-23.

After the circuit court denied his petition for post-conviction relief, the defendant filed a motion under Rule 4-345(a) to correct an illegal sentence, which the court denied. *Id.* at 723. On appeal, he argued, as he did in the circuit court, that the clerk's failure to include juror number 3 when polling the jury deprived the verdict of unanimity. He further argued that the lack of unanimity rendered the verdict unconstitutional and the sentence illegal. *See id.* at 723, 728.

This Court rejected the defendant's arguments. Noting that hearkening the jury to the verdict alone sufficed to ensure the unanimity of the verdict, we observed that Mr. Colvin did not contend that there was no conviction warranting a sentence or that the sentence imposed was not permitted for the crime he committed. *Id.* at 727. We concluded that "[t]he most that can be said of [Mr.] Colvin's alleged claim is that the record does not reflect, at least as [Mr.] Colvin would argue, a properly conducted polling process." *Id*. at 728. Thus, we held that Mr. Colvin did not advance a claim recognized under Rule 4-345(a) because "[a] sentence does not become an 'illegal sentence' because of some arguable flaw in the sentencing procedure." *Id*. at 725 (quoting *Tshiwala v. State*, 424 Md. 612, 619 (2012)). In doing so, "we reaffirm[ed] the rule that only claims sounding in

23

substantive law, not procedural law, may be raised through a Rule 4-345(a) motion." *Id.* at 728.

**3**

We turn now to *Montgomery v. State*, 405 Md. 67 (2008). There, the trial court sentenced the defendant to ten years' imprisonment, with no probation. *Id.* at 68. The court then deferred the reporting date for the start of defendant's sentence for three years, stating that if the defendant exhibited "good behavior" during that three-year period, the court would "reconsider [the sentence] and vacate it and not make [him] serve another day." *Id.* at 68-69. The court also "reserve[d] the right to advance the date for execution" if the defendant ran "afoul of the law." *Id.* at 82-83. We granted *certiorari* to consider whether the court's action was authorized by Rule 4-348(a), which sets forth the circumstances under which the circuit court may stay execution of a sentence, and, if not, whether the absence of such authority rendered the sentence illegal. *Id.* at 73-74.

We found that although Rule 4-348(a) permitted the stay of execution of a sentence, rewarding good behavior was not one of the permissible reasons for doing so. *Id.* at 74. We noted that the trial court could have ordered that the defendant's conduct be monitored under statutes related to suspension or probation, but did not do so. *Id.* at 81. We concluded that because the trial court was not authorized to defer the defendant's report date by several years, the defendant's sentence was illegal. *Id.* In other words, the problem with the sentence was not that the court did not follow the process for imposing such a sentence; the problem was that the court did not have the legal authority to impose such a sentence in the first place.

24

**4**

We next consider *Jones v. State*, 384 Md. 669 (2005). There, the verdict sheet indicated that the jury found the defendant guilty of all four counts with which he was charged. *Id.* at 675. However, the court clerk questioned the foreperson about only three of the four counts and polled the jury only as to those same three counts. *Id.* at 675-77. The defendant was nevertheless sentenced on all four counts, including the count for which the verdict was not announced and for which the jury was not polled. *Id.* at 677. He appealed, and the Court of Special Appeals affirmed, noting that "where it is unmistakable that the jury found the defendant guilty, 'substance will prevail over form even if the guilty verdict is not announced and even if it is neglected again when the jury is polled.'" *Id.*

We granted *certiorari* and reversed. We concluded that "the trial court could not legally impose a sentence for a verdict that was not orally conveyed in open court and to which the jury was neither polled nor hearkened." *Id.* at 678. As a result, the verdict on the one count that was not announced in court, not polled, and not hearkened, could not stand, and therefore, the sentence for that count was illegal. *Id.* at 686.

**5**

Our decision in *Hoile v. State*, 404 Md. 591 (2008), is instructive. Although the factual and procedural details in that case are convoluted, for present purposes, it suffices to note the main points. There, the defendant secured a more lenient sentence at a resentencing hearing, but the victim was not notified of the hearing as was required under Rule 4-342(d) and CP § 11-104(e). After learning of the new sentence, the victim moved to vacate the more lenient sentence, and the court granted the motion and reinstated the

25

more severe sentence.  *Id*. at 597-601.

Victims of crimes have the right "to attend any proceeding in which the right to appear has been granted to a defendant."  CP § 11-102(a).  The procedures for providing such notice are set forth in CP § 11-104(e).  These procedures are mandatory; Rule 4-342(d)(1) states that the "court ***shall*** determine whether the requirements of [CP § 11-104(e)] have been satisfied." (Emphasis added.)  The issue before us was whether the failure to provide the victim with notice of the resentencing rendered the resulting sentence illegal.  Although the victim had complied with her obligations to trigger her entitlement to such notice under CP § 11-104(e), *Hoile*, 404 Md. at 599 n.7, we held that the failure to notify her did not render the sentence illegal, *id*. at 623.

We arrived at that conclusion by first observing that in prior cases, we "discussed approvingly the Supreme Court's decision in *Hill v. United States*, 368 U.S. 424, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962), in our analysis of what constitutes an illegal sentence."  *Hoile*, 404 Md. at 622.  It was our reliance on *Hill* that makes *Hoile* particularly instructive to our analysis here.

In *Hill*, the issue was whether the sentencing court's failure to give the defendant the opportunity to allocute before sentencing, in violation of the Federal Rules, rendered the sentence illegal.  *Hoile*, 404 Md. at 622.  The Supreme Court rejected the defendant's argument that the sentence was illegal, and just as we saw fit in *Hoile* to quote *Hill* at length, we do the same here:

> But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the

26

imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect.

*Id.* at 622-23 (quoting *Hill*, 368 U.S. at 424).

In *Hoile*, the significance we attached to the opinion in *Hill* stemmed from the premise that a defendant has a "greater cognizable interest in the sentencing proceeding than does the victim of the crime." *Id*. at 623. Thus, we concluded:

If it is not an illegal sentence where the criminal defendant is sentenced and not afforded the required opportunity to speak on his own behalf, it is less able to be maintained that an illegal sentence results where the victim is denied the opportunity to speak.

*Id.*

The same logic applies here. Maryland Rule 4-342(e), the Rule implicated in *Hoile*, speaks in mandatory terms, as follows: "Before imposing sentence, the court **shall** afford the defendant the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment." (Emphasis added). Similarly, the Rule implicated here speaks in mandatory terms: "[w]hen placing a defendant on probation, the court **shall** advise the defendant of the conditions and duration. . . ." Md. Rule 4-346(a). (Emphasis added).

From the perspective of an illegal sentence analysis, we do not perceive a meaningful difference between the court's mandatory obligations under these two Rules. If anything, because the right to allocute is critical to ensure a fair sentence, one might plausibly argue that a court's failure to comply with Rule 4-342(e) is more prejudicial than

its failure to comply with Rule 4-346(a), particularly where, as here, the missing information was promptly disclosed in the probation order. So, if a violation of the mandatory procedural requirement in Rule 4-342(e) does not give rise to a cognizable claim of illegality under Rule 4-345(a), *see State v. Wilkins*, 393 Md. 269, 275 (2006), then it stands to reason that the same applies to a violation of Rule 4-346(a).

\* \* \*

Ultimately, the issue comes down to whether the sentencing judge had the authority to impose the sentence that he did. In *Bailey*, because the State had given notice of its intent to seek an enhanced sentence, albeit five days late, we determined that the court had the authority to impose the enhanced sentence, so the sentence was not illegal. In *Colvin*, we similarly determined that the court had the authority to impose the sentence because the verdict on which it was imposed was not a nullity as claimed by the defendant. On the other hand, in *Montgomery*, we determined that the court did not have legal authority to defer the sentence for three years and therefore concluded that the sentence was illegal. Similarly, in *Jones*, we determined that the court did not have the authority to sentence the defendant on the one count that was not announced in open court, so we determined that the sentence there was illegal.

Here, when the sentencing judge took the bench to commence the sentencing hearing, he had the legal authority to impose a 25-year sentence, suspend all but 20 years, and place Mr. Bustillo on probation for five years. That he did not comply with the procedure for doing so constitutes clear error, but not one that rendered the resulting sentence illegal.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY. COSTS TO BE PAID BY RESPONDENT.**

Respectfully submitted,

_____
Jason P. Rodriguez, Esq.
Assistant Public Defender
14735 Main Street, Rm. 272B
Upper Marlboro, MD 20772
Phone: (301) 952-2111
Fax: (301) 952-4014
JRODRIGUEZ@OPD.STATE.MD.US

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion for Continuance was delivered to the

Office of the State's Attorney for Prince George's County, Upper Marlboro, Maryland, on June

13, 2019.

_____
Jason Rodriguez, Esq.

29



Case No. CT18151X

C. 34. ☑ Comply with special conditions of lifetime supervision - see form #CC-DC-CR-136.

D. Recommendations to the supervising agency:

35. ☐ Transfer supervision to ☐ _____ County/City, State of Maryland

☐ _____ State under the Interstate Compact

36. ☐ Defendant shall keep appointment for HG § 8-505 evaluation and shall immediately enter the recommended program upon admission.
☐ Defendant shall enter treatment program immediately upon admission.
☐ Defendant shall successfully complete treatment program and comply with terms of aftercare plan.

37. ☐ Other _____

Judge: _____ Date: 1/16/2020

## CONSENT

I have read, or have had read to me, the above conditions of probation. I understand these conditions and agree to follow them. I understand that if I do not follow these conditions, I could be returned to court charged with a violation of probation.

If I fail to abide by the above conditions, the court could enter judgment against me and proceed with disposition as if I had not been placed under probation. I have been notified and understand that by consenting to and receiving a stay of judgment under Criminal Procedure Article, § 6-220, I waive my right to appeal from a judgment of guilty by the court in this case.

I understand that my failure to comply with Condition 10 may result in my case being referred to the State's Central Collection Unit, resulting in an additional collection fee as permitted by law.

I understand that Parole and Probation may impose Graduated Sanctions upon me for any technical violation of the above conditions of probation, as authorized pursuant to Correctional Services Article, §§ 6-111 and 6-121.

_____ 1/26/78 1/16/20
Defendant's Signature 1-16-20 Date
Date of Birth

_____ 5510 1st St NW, Washington, DC
Defendant's Address 20002

_____
Witness' Signature