*Ancil Tony Hamrick v. State of Maryland*
No. 1780, Sept. Term, 2022
Opinion by Leahy, J.

**Criminal Law > Nature and Elements of Crime > Redundant convictions and sentences**

A theory of felony murder is superfluous when a jury *also* finds that a defendant committed the same murder with premeditation because, in a murder trial, the "units of prosecution are dead bodies, not theories of aggravation." *Burroughs v. State*, 88 Md. App. 229, 247 (1991). It is therefore "redundant" to sentence a defendant twice for the same killing—no merger of offenses or penalties is required. *See id.*

By contrast, as instructed by the Supreme Court in *State v. Frye*, *if* a defendant is convicted of first-degree murder, *and* that conviction could be premised on either premeditation *or* the felony murder rule as codified by CR § 2-201(a)(4), *but* the record provides no means to determine how the jury reached its verdict, *then* we will resolve the ambiguity in favor of the defendant by assuming that the murder conviction arose from a theory of felony murder (and not a finding that the killing was premeditated). *See State v. Frye*, 283 Md. 709, 723-25 (1978).

To avoid the problem described by *Frye*, "the trial judge should instruct the jury to indicate whether the basis for a murder verdict is felony murder or . . . premeditated murder, but . . . the jury [should] render a verdict on the felony count in any event." *Frye*, 283 Md. at 724. This way, if a verdict of first-degree murder is based on "premeditated homicide" rather than felony murder, then "guilty verdicts" on any "felony counts" underlying the felony murder charge may "properly . . . result[] in sentences." *Id.*

In the instant case, the jury was instructed on both first-degree premeditated murder and first-degree felony murder, and Appellant was convicted of both. Appellant was also found guilty of first-degree burglary. In Appellant's previous direct appeal, the Appellate Court correctly found that Appellant's sentence on the felony-murder conviction was redundant, and properly vacated that sentence without vacating Appellant's conviction (or sentence) for first-degree burglary.

**Criminal Law > Nature and Elements of Crime > Redundant convictions and sentences**

Because the jury found that Appellant had a specific intent to kill that is deliberate, premeditated, and willful—a more culpable *mens rea* than that required to establish felony murder, the sentence imposed for Appellant's first-degree murder conviction is appropriately based on premeditated murder and not Appellant's redundant felony murder conviction. *Cf. Jones v. State*, 357 Md. 141, 167 (1999) (indicating, in the context of the rule of lenity, that where the rule applies to two offenses with identical maximum penalties, the sentence for the "more serious offense" should survive).

**Criminal Law > Nature and Elements of Crime > Merger of offenses**
The rule of lenity is normally a "standard for determining *merger* for sentencing purposes." *State v. Johnson*, 442 Md. 211, 218 (2015) (emphasis added) (citation omitted). We glean from our decisional law, however, that in the narrow context of "redundant" sentences, the rule of lenity may also apply when the court is "unable to state which of the permissible inferences the jury drew in arriving at its verdict[.]" *Frye*, 283 Md. at 719 (quotation omitted).

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1780

September Term, 2022

_____

ANCIL TONY HAMRICK

v.

STATE OF MARYLAND

_____

Berger,
Leahy,
Wilner, Alan M.,
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Leahy, J.

_____

Filed: September 4, 2024

* Wells, CJ., did not participate in the Court's
decision to designate this opinion for publication
pursuant to Md. Rule 8-605.1.

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

In this appeal we consider whether the Circuit Court for Calvert County erred when it denied the underlying motion filed under Maryland Rule 4-345(a) to correct an allegedly illegal sentence for first-degree burglary.

The facts of the case leading to the verdict are straightforward and undisputed. In early December 2000, Mr. Ancil Hamrick, ("Appellant") broke into the home of Darlene Turney and killed her. Following a jury trial in June 2001, Appellant was convicted of first-degree premeditated murder, first-degree felony murder, and first-degree burglary.

The mazy sentencing history, however, set the stage for the issue on appeal, beginning when the sentencing court sentenced Appellant improperly for both the premeditated murder and felony murder convictions. Because a defendant may not be sentenced twice for the same murder, as pointed out by the State in Appellant's direct appeal in *Hamrick v. State*, No. 1106, Sept. Term, 2001 (Md. App. Ct. filed Aug. 14, 2002), we vacated Appellant's sentence for first-degree felony murder. *Hamrick*, slip op. at 16-17. On post-conviction relief, Hamrick was granted a new sentencing hearing, during which the circuit court reduced his sentence for first-degree premeditated murder to life imprisonment with the possibility of parole, but left his consecutive sentence for first-degree burglary undisturbed. Accordingly, today Appellant retains only the sentences he received for the premeditated murder and burglary convictions.

In June 2022, Appellant filed a "Motion to Correct Illegal Sentence" in the Circuit Court for Calvert County. He alleged that the sentence he received for the burglary conviction was an inherently illegal sentence that must be "corrected or vacated" because his burglary conviction should have merged with his felony murder conviction. The circuit

court held a hearing on the motion and, in November 2022, denied the motion. Appellant noted a timely appeal and assigns error to the circuit court's decision.[1]

We hold that the trial court did not err in denying Appellant's Motion to Correct Illegal Sentence. As indicated in *Newton v. State*, 280 Md. 260 (1977), when a jury finds a defendant guilty of both premeditated murder and a separate felony, the convictions do not merge. Here, the jury convicted Appellant twice for the murder of Darlene Turner— which was aggravated to first-degree murder by two alternative theories: premeditation under Maryland Code (2002, 2021 Repl. Vol.), Criminal Law Article ("CR"), § 2-201(a)(1), and the commission of an enumerated felony under § 2-201(a)(4). It was "redundant" for the circuit court to impose two murder sentences for a single offense. *Burroughs v. State*, 88 Md. App. 229, 247 (1991) (Moylan, J.). That is why this Court vacated the redundant sentence for felony murder on direct appeal. *Hamrick*, slip op. at 17. The rule of lenity did not require this Court on direct appeal, nor the circuit court at the resentencing hearing, to vacate Appellant's premeditated murder sentence, rather than his redundant felony murder sentence, because a finding that the murder was "deliberate, premeditated, and willful[,]" CR § 2-201(a)(1), represents a more culpable *mens rea* than that which is required to establish felony murder.[2] *See Brooks v. State*, 104 Md. App. 203, 224-25 (1995) (comparing the *mens rea* required for felony murder and premeditated

---

[1] Appellant's brief frames the issue simply: "Did the Circuit Court err in denying the Appellant's Motion to Correct Illegal Sentence?" (emphasis removed).

[2] As we explain below, any argument that merger of Appellant's burglary conviction with his murder conviction is required under principles of fundamental fairness is not preserved. *Koushall v. State*, 479 Md. 124, 163-64 (2022).

murder), *abrogated on other grounds by Winters v. State*, 434 Md. 527 (2013). Therefore, as it stands, Appellant's sentence for first-degree burglary is not an illegal sentence under Maryland Rule 4-345(a) because he was convicted of both first-degree premeditated murder and first-degree burglary. We shall affirm the judgment of the circuit court.

## BACKGROUND

We summarized the factual background of Appellant's case in our prior unreported decision authored by Judge James Salmon in *Hamrick v. State*, No. 1106, Sept. Term, 2001 (Md. App. Ct. filed Aug. 14, 2002):

> On June 8, 2001, Ancil Hamrick was convicted by a jury in the Circuit Court for Calvert County of first[-]degree premeditated murder, first[-]degree felony murder, and first[-]degree burglary. He was sentenced to two concurrent terms of life imprisonment without the possibility of parole for the two murder convictions and to a consecutive term of twenty years for the burglary conviction.
>
> * * *
>
> In the trial court, appellant admitted killing Darlene Turney in the early morning hours of December 3, 2000. . . . Appellant's defense was that at the time of the murder he was voluntarily intoxicated and therefore could not have formed the intent necessary for a conviction of either first[-]degree murder or first[-]degree burglary.
>
> * * *
>
> Appellant said that he consumed approximately twelve to thirteen beers . . . . During the late evening hours of December 2, or early hours of December 3, [A]ppellant drove to Ms. Turney's house in Calvert County, but parked his car several blocks away . . . . [H]e cut the phone lines to her house . . . . He then entered the basement . . . by way of a sliding glass door.
>
> . . . Appellant woke Ms. Turney, and they immediately began arguing. . . . [Appellant said] the following transpired:

. . . I hit her once and she fell to the floor. Then she snapped right back up and came towards me. . . . And that's when I hit her and I put my hand over her mouth while she was on the ground and rendered her unconscious. The last thing I remember was her leg kicking . . . that's the last I remember until I was climbing over the fence going to my car.

. . . [Appellant] threw away the knife that he had used to kill the victim. . . . [A]ppellant acknowledged that, although he had no recollection of cutting the victim, he must have been the one responsible[.]

*Hamrick*, slip op. at 1-3. As accurately summarized in the State's brief in this appeal:

The verdict sheet in Hamrick's trial asked four questions. First, it asked "[i]s the defendant guilty or not guilty of First Degree Premeditated Murder?" The jury answered "[g]uilty." Second, it asked, "[i]s the defendant guilty or not guilty of First[-]Degree Felony Murder?["] The jury answered, "[g]uilty." Between questions two and three, the verdict sheet instructed, "[i]f you find the defendant guilty of counts 1 or 2 or both, then skip question 3 and continue to question 4." Question three asked, "[i]s the defendant guilty or not guilty of Second[-]Degree Murder?" Pursuant to the instruction, the jury did not render a verdict on question three. Finally, question four asked, "[i]s the defendant guilty or not guilty of First[-]Degree Burglary?" The jury responded, "[g]uilty."

(Citations to the record omitted).

In his direct appeal to this Court, Hamrick did not contest whether it was improper for him to have "received a sentence for both first[-]degree premeditated murder and first[-]degree felony murder."[3] *Hamrick*, slip op. at 16-17. However, in its brief the State

---

[3] Appellant presented three issues for our review in his previous direct appeal to this Court:

1. Whether the trial court erred in excluding testimony by a licensed clinical professional counselor.
2. Whether the trial court's instruction to the jury concerning voluntary intoxication was adequate.

(Footnote continued)

"implied" that under *Burroughs v. State*, 88 Md. App. 229 (1991), Hamrick should not have received two sentences for the same killing. *Hamrick*, slip op. at 17. We agreed, and, accordingly, determined that:

> [U]nder *Burroughs*, [A]ppellant should not have received a sentence for both first[-]degree premeditated murder and first[-]degree felony murder. Therefore, the sentence for first[-]degree felony murder shall be vacated.

*Hamrick*, slip op. at 17.[4]

Appellant filed a petition for postconviction relief in February 2003, as well as an amended and supplemental petition in November 2004 and November 2005, respectively. As explained in a memorandum opinion entered June 28, 2007, the circuit court found that Hamrick established that his counsel was deficient at his sentencing hearing for failure to call a particular witness and that this prejudiced Hamrick. Accordingly, the court granted Hamrick a new sentencing hearing. At that sentencing hearing, the court modified Hamrick's sentence for first-degree premeditated murder from life imprisonment *without* the possibility of parole to life imprisonment *with* the possibility of parole, but left his consecutive sentence for first-degree burglary undisturbed.

In June 2022, Appellant filed the underlying Motion to Correct Illegal Sentence in which he asserted that his sentence for the burglary conviction was an "inherently illegal

---

3. Whether the court erred in not providing written copies of the voluntary intoxication instruction to the jury.

*Hamrick*, slip op. at 1.

[4] Subsequently, the Circuit Court for Calvert County, "[b]ased on" our decision in *Hamrick v. State*, No. 1106, Sept. Term, 2001 (Md. App. Ct. filed Aug. 14, 2002), vacated "the sentence imposed for first[-]degree felony murder of life without the possibility of parole[.]"

sentence" and, therefore, must be "corrected or vacated[.]" (We discuss Appellant's contentions in greater detail below.) A hearing was held on October 24, 2022, and, by memorandum opinion and order entered November 9, 2022, the circuit court denied Appellant's motion. Appellant noted a timely appeal to this Court on December 9, 2022.

## DISCUSSION

### I.

### Motion to Correct Illegal Sentence

#### A. Standard of Review

"Whether a sentence is illegal is a question of law – as is the question whether an alleged defect relating to a sentence is cognizable in a motion to correct an illegal sentence." *Farmer v. State*, 481 Md. 203, 222 (2022). "Accordingly, an appellate court reviews a denial of a motion to correct an illegal sentence *de novo*." *Id.* at 222-23 (citing *Johnson v. State*, 467 Md. 362, 389 (2020), and *State v. Crawley*, 455 Md. 52, 66 (2017)).

#### B. Legal Framework

Before this Court, Appellant offers several arguments in support of his contention that his first-degree burglary sentence is illegal because it should have merged into his felony murder conviction. The State refutes them all. To better understand the parties' contentions on appeal, we first examine the applicable law.

As explained by the Supreme Court of Maryland in *Farmer*:

Maryland Rule 4-345(a) authorizes a court to "correct an illegal sentence at any time." That means that a defendant may ask a trial court to "correct" a sentence "notwithstanding that (1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, and (3) the sentence was not challenged in a timely-filed direct appeal." *Chaney v. State*,

6

397 Md. 460, 466[] (2007). Because Rule 4-345(a) allows collateral and belated attacks on a sentence and is not subject to waiver, it is well-established that its scope is narrow. Otherwise, it would swallow the general rule of finality and allow repeated attacks on the underlying conviction. It is limited to situations where there is some illegality inherent in the sentence itself or where no sentence should have been imposed in the first place. *Evans v. State*, 382 Md. 248, 278-79[] (2004)).

*Farmer*, 481 Md. at 223. The Court went on to describe what constitutes an "inherent error" in a sentence:

An inherent error occurs when the alleged error relates to the trial court's fundamental power or authority and the sentence should have never been imposed or the particular sentence was beyond the limits prescribed by statute or rule. *See, e.g.*, *Matthews v. State*, 424 Md. 503, 514-15[] (2012) (motion to correct an illegal sentence appropriate when the trial court had unlawfully imposed a sentence that exceeded the penalty provided in a binding plea agreement in accordance with a Maryland Rule); *Alston v. State*, 425 Md. 326, 339, 341-42[] (2012) (motion appropriate when trial court had unlawfully reopened a terminated postconviction proceeding); *Ridgeway v. State*, 369 Md. 165, 171[] (2002) (motion granted when the defendant was erroneously sentenced on three counts on which he was acquitted); *Holmes v. State*, 362 Md. 190, 195-96[] (2000) (motion appropriate when trial court imposed a sentence of probation with home detention even though it lacked authority to do so); *Moosavi v. State*, 355 Md. 651, 662[] (1999) (motion appropriate when the defendant had been charged, convicted, and sentenced under "an entirely inapplicable statute").

*Id.* at 223-24. The Court further explained that a motion under Rule 4-345(a) may not be used as a "vehicle for belatedly raising any alleged error in the trial or proceedings that resulted in the sentence, for challenging the administration of the sentence, or for generally litigating the procedures that may govern a future reduction of the sentence or the defendant's release from custody." *Id.* at 225.

Maryland's appellate courts have recognized three categories of "inherently illegal" sentences under Rule 4-345(a):

[I]nherently illegal sentences generally come in three varieties: (1) a sentence that exceeds the statutory maximum, or is less than the required minimum; (2) a sentence that never should have been imposed; or (3) a sentence that exceeds the cap imposed by a binding plea agreement[.]

*State v. Bustillo*, 480 Md. 650, 658-59 (2022) (cleaned up; internal citations omitted). In this case, the issue is whether Appellant's sentence for burglary "never should have been imposed." *Id.* (quotation omitted).

In Maryland, there are "three grounds for merging a defendant's convictions for sentencing purposes: '(1) the required evidence test; (2) the rule of lenity; and (3) the principle of fundamental fairness.'" *Koushall v. State*, 479 Md. 124, 156 (2022) (quoting *Carroll v. State*, 428 Md. 679, 694 (2012)).

The required evidence test[5] is "a long-standing rule of law to determine whether one offense is included within another when both are based on the same act or acts." *State v. Johnson*, 442 Md. 211, 218 (2015) (quoting *McGrath v. State*, 356 Md. 20, 24 (1999)). More specifically:

Sentences for two convictions must be merged when: (1) the convictions are based on the same acts or acts, and (2) under the required evidence test, the two offenses are deemed to be the same, or one offense is deemed to be the lesser included offense of the other.

*Id.* at 217 (quoting *Brooks v. State*, 439 Md. 698, 737 (2014)).

The test "derives from the protection against double jeopardy afforded by the Fifth Amendment of the federal Constitution and . . . Maryland common law." *Id.* (quoting

---

[5] We note that the terms "required evidence test" and "elements test" are interchangeable in Maryland. *See Williams v. State*, 200 Md. App. 73, 86-87 (2011) (citing *Hagans v. State*, 316 Md. 429, 449 (1989)).

*Brooks*, 439 Md. at 737); *see also Rainey v. State*, 236 Md. App. 368, 375 n.5 (2018) ("Where there is a claimed violation of [the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States] by the imposition of multiple sentences for the same crime, the alleged illegality occurs at the imposition of the sentence, and therefore inheres in the sentence and is cognizable under Rule 4-345(a)." (citation omitted)). If the test is satisfied, the offenses will merge for sentencing purposes. *See, e.g.*, *Johnson*, 442 Md. at 217. As the *Johnson* Court explained:

> The required evidence test focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former merges into the latter. Stated another way, the required evidence is that which is minimally necessary to secure a conviction for each offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, there is no merger under the required evidence test even though both offenses are based upon the same act or acts. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, and where both offenses are based on the same act or acts[,] merger follows.

*Id.* at 218 (alteration in original) (quotation omitted).

The "rule of lenity provides another standard for determining merger for sentencing purposes." *Id.* (citing *McGrath*, 356 Md. at 24-25); *see also Koushall*, 479 Md. at 156. The Supreme Court of Maryland recently summarized the rule as follows:

> "If . . . the required evidence test is not fulfilled . . . we move to a separate inquiry: whether the principle of statutory construction known as the rule of lenity requires merger." *Khalifa v. State*, 382 Md. 400, 433[] (2004)[.]

> "As it is a principle of statutory construction, the rule of lenity applies where both offenses are statutory in nature or where one offense is statutory and the other is a derivative of common law." *Khalifa*, 382 Md. at 434[.] "[I]f we are unsure of the legislative intent in punishing offenses as a single merged crime or as distinct offenses, we, in effect, give the defendant the benefit of

9

the doubt and hold that the crimes do merge." *Monoker* [*v. State*, 321 Md. 214, 222 (1990)]; *Jones v. State*, 357 Md. 141, 156[] (1999) ("Under the Double Jeopardy Clause, a defendant is protected against multiple punishment for the same conduct, unless the [General Assembly] clearly intended to impose multiple punishments.").

*Koushall*, 479 Md. at 161 (fourth and seventh alterations in original); *see also Johnson*, 442 Md. at 218-19 ("The rule of lenity . . . provides that where there is no indication that the [General Assembly] intended multiple punishments for the same act, a court will not impose multiple punishments but will, for sentencing purposes, merge one offense into the other. . . . The rule . . . allows [a court] to avoid interpreting a criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the General Assembly] intended." (alterations in original) (quotations omitted)). As cautioned by the Court in *Oglesby v. State*, the rule of lenity is "not a means for determining—or defeating—legislative intent[,]" but is instead "a tool of last resort, to be rarely deployed and applied only when all other tools of statutory construction fail to resolve an ambiguity." 441 Md. 673, 681 (2015) (citation omitted).

Principles of fundamental fairness may also result in merger; however, our caselaw is clear that "[u]nlike the required evidence test or the rule of lenity" the "failure to merge a sentence based on fundamental fairness does not render the sentence illegal." *Koushall*, 479 Md. at 163 (citations omitted). This is because "[f]undamental fairness does not merge sentences because of any inherent flaw in the sentences; rather, it is a 'fact-driven' inquiry that considers whether a defendant should not receive separate, but otherwise legal, criminal punishments under the circumstances." *Id.* at 164 (citing *Carroll*, 428 Md. at

10

695). Thus, any alleged error that is premised on principles of fundamental fairness can not be cured through a motion to correct an illegal sentence. *See id.*

If a defendant is convicted of murder under a theory of felony murder under CR § 2-201(a)(4), the doctrine of merger will apply to merge the predicate felony with the murder conviction. *See Newton v. State*, 280 Md. 260, 268-69 (1977); *Johnson*, 442 Md. at 214, 221. The Supreme Court of Maryland in *Newton* held that under "the required evidence test, . . . the felony murder and the underlying felony must be deemed the same for double jeopardy purposes." *Newton*, 280 Md. at 268. The Court explained that:

> [U]nder [CR § 2–201's predecessor], murder committed in the perpetration of certain enumerated felonies, . . . is first[-]degree murder. . . . By proving every element of the underlying felony, the element of malice necessary for murder is established. [Citations omitted]. And having established murder by proving a homicide during the perpetration or attempted perpetration of a felony, [CR § 2–201's predecessor] provides that the murder shall be murder in the first degree. . . .
>
> Therefore, to secure a conviction for first[-]degree murder under the felony murder doctrine, the State is required to prove the underlying felony and the death occurring in the perpetration of the felony. The felony is an essential ingredient of the murder conviction. The only additional fact necessary to secure the first[-]degree murder conviction, which is not necessary to secure a conviction for the underlying felony, is proof of the death. The evidence required to secure a first[-]degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony. Therefore, as only one offense requires proof of a fact which the other does not, under the required evidence test the underlying felony and the murder merge.

*Id.* at 268-69; *see also State v. Frye*, 283 Md. 709, 712 (1978) ("This Court in [*Newton*], held that when a defendant is charged with both murder and a felony arising from the same transaction, and is convicted of murder based upon the felony murder doctrine, the underlying felony merges into the murder conviction."). The Court reiterated this rule in

11

*Johnson* and clarified how the rule will apply in instances where a defendant is convicted of multiple predicate felonies:

> [W]here a defendant is convicted of felony murder and multiple predicate felonies, only one predicate felony conviction merges for sentencing purposes with the felony murder conviction; and, absent an unambiguous designation that the trier of fact intended a specific felony to serve as the predicate felony, the conviction for the felony with the greatest maximum sentence merges for sentencing purposes.

*Johnson*, 442 Md. at 214.

A defendant may not be sentenced twice—under theories of premeditated and felony murder—for the murder of the same victim. *See Burroughs v. State*, 88 Md. App. 229, 246-47 (1991). However, this result is *not* the product of a merger. Judge Charles Moylan explains in his renowned treatise, CRIMINAL HOMICIDE LAW,[6] when, in the context of felony murder, merger is required:

> With many felony-murder convictions, there arise special double jeopardy problems requiring mandatory merger to avoid unconstitutional multiple punishment for the same offense. The ground-breaking analysis in this regard was done by Judge Eldridge in *Newton v. State*. [280 Md. 260 (1977).] To determine whether two related and overlapping offenses are actually the "same offense" within the contemplation of the Double Jeopardy Clause, one must compare their respective sets of elements . . . . The question in *Newton* was whether the perpetration of the felony was a unique element or was a required element of the felony-murder.
> . . . *Newton* incisively pointed out that the only set of elements pertinent for comparison purposes on the felony-murder side of the balance sheet would be that set involved in the particular felony-murder on trial . . . . In such a comparison, the underlying felony or its attempt would inevitably be an integral part of the particular felony-murder based upon it. Ergo, the felony-murder and the underlying felony would be the "same offense" for double jeopardy purposes.

---

[6] *See State v. Thomas*, 464 Md. 133, 153 (2019) (recognizing Judge Moylan as "a venerated scholar of Maryland criminal law").

By parity of reasoning, if a felony-murder were charged alleging two underlying felonies and if verdicts of guilty were returned on the felony-murder and on both of the underlying felonies, one of the two felonies would self-evidently be superfluous to the murder conviction, to wit, not a required element. The superfluous felony would not merge and could serve as the basis for a separate conviction and a separate sentence. . . . If the fact finder failed . . . to designate[] [which felony served as the basis for the felony-murder conviction] the sentencing judge should, under the rule of lenity, give the defendant the benefit of the doubt, merging the felony with the greater possible sentence and leaving as the basis for separate punishment the one with the lesser possible sentence.

A . . . selection problem arises when the murder verdict in the first degree 1) could have been on the basis of felony-murder; 2) could have been on the basis of a wilful, deliberate, and premeditated killing; or 3) could have been based on both. *State v. Frye*[, 283 Md. 709 (1978)] held that in such a situation, a jury should be instructed to render separate verdicts on each theory of first-degree murder and also on the underlying felony, if charged. **If there is a verdict of first-degree murder on** 1) the premeditated killing theory exclusively or 2) **both first-degree theories, no merger of a conviction of the underlying felony would be required. In the case of the doubly guilty verdict, the alternative theory of felony-murder would turn out to be superfluous, to wit, not required to support the verdict of murder in the first degree**.

The *Frye* case also tells us how to resolve the ambiguity when a fact finder simply pronounces a verdict of guilty of first-degree murder generally and does not render separate findings as to each possible theory of guilt. In such a case, again by operation of the rule of lenity, the defendant gets the benefit of the doubt and merger is required.

CHARLES E. MOYLAN, JR., CRIMINAL HOMICIDE LAW § 5.6, at 126-27 (2002) (bold emphasis added) (footnotes omitted). The *Frye* case is discussed in greater detail below.

Judge Moylan's conclusion that a theory of felony murder is superfluous when a jury *also* finds that a defendant committed the same murder with premeditation, *see id.*, naturally flows from the fact that, in a murder trial, the "units of prosecution are dead bodies, not theories of aggravation." *Burroughs*, 88 Md. App. at 247. It is therefore "redundant" to sentence a defendant twice for the same killing—no merger of offenses or

13

penalties is required. *See id.* Three cases are particularly instructive on this point, including *State v. Frye*, *supra*; *Burroughs*, *supra*; and *Wagner v. State*, 160 Md. App. 531 (2005).

In *Frye*, the Supreme Court of Maryland concurrently considered two cases that involved different defendants—Eugene Shaw Frye and Willie Lee Jones, Jr. *See Frye*, 283 Md. at 717-21. In both cases, the defendants were charged with (among other things) at least one murder and a felony that could serve as a predicate for felony murder.[7] *See id.* In each case, the State proceeded on theories of both felony murder and willful, deliberate and premeditated murder. *See id.* The juries were instructed on both theories. *Id.* at 717, 719. However, the trial judge in each case failed to provide the jury with instructions "designed to reveal the basis of a murder verdict[,]" i.e., whether the verdict was premised on felony murder or premeditation. *Id.* at 719. Thus, when both Frye and Jones were convicted of first-degree murder and at least one predicate felony[8] that the jury *may* have relied on to satisfy the felony murder rule, there was "no foundation" in the record "to

---

[7] As was "relevant" to the Court's analysis, Frye was charged, "[i]n one indictment," "in the first count with murder and in the second count with using a handgun in the commission of a crime of violence (I.e., the murder)." *Frye*, 283 Md. at 717. In another indictment, Frye was charged with "one count of robbery with a dangerous and deadly weapon and in another count of using a handgun in the commission of a crime of violence (I.e., the robbery)." *Id.* Jones was charged with "three counts of murder, four counts of kidnapping, and four counts of unlawful use of a handgun in the commission of a felony." *Id.* at 719.

[8] Frye was found guilty of "first[-]degree murder and robbery with a dangerous and deadly weapon." *Frye*, 283 Md. at 717. Jones was found guilty "on three counts of first[-] degree murder, four counts of kidnapping, and all four handgun counts" that he had been charged with. *Id.* at 720.

determine whether the conviction[s] w[ere] based on felony murder or on wil[lful], deliberate and premeditated murder." *Id.* at 720.

Frye and Jones each appealed[9] to this Court but, in their respective cases, we reached contrary holdings. In Frye's case we were "unable to state which of the permissible inferences the jury drew in arriving at its verdict"; we "resolve[d] th[is] doubt in favor of the appellant" by "vacat[ing] the judgments entered on the robbery with a deadly weapon and the related handgun charge." *Frye*, 283 Md. at 719 (quoting *Frye v. State*, 37 Md. App. 476, 480 (1977), *aff'd*, 283 Md. 709 (1978)). In Jones' case, however, we "reached a conclusion exactly opposite" the "conclusion in *Frye*" by "affirm[ing] the felony and associated handgun convictions[.]" *Id.* at 720 (construing *Jones v. State*, 38 Md. App. 288, 304 (1977), *rev'd sub nom. State v. Frye*, 283 Md. 709 (1978)). The Supreme Court of Maryland granted the State's petition for certiorari in Frye's case, and Jones' petition for certiorari in his case, and consolidated the two cases. *See id.* at 719, 721.

Ultimately, the Court determined that our reasoning in Frye's case was correct. In pertinent part, the Court explained:

> In cases like the present ones, the [trial] court should, in advising the jurors as to the form of their verdict, give them appropriate instructions so that the basis of a first[-]degree murder verdict will be revealed.
>
> In the normal situation where a defendant is charged both with a greater crime and with a lesser included offense, and where a guilty verdict with regard to the greater crime will result in a merger, the proper method of

---

[9] Frye "argu[ed] that *Newton v. State* [280 Md. 260 (1977)], . . . required merger of the underlying felony into the murder conviction." *Frye*, 283 Md. at 718. Jones "argu[ed], among other things, that under *Newton v. State*, . . . the kidnapping and murder convictions merged." *Id.* at 720. In both cases, we exercised our discretionary authority to consider these issues despite the defendant's failure to raise the issue at trial. *Id.* at 718, 720.

15

instructing the jurors is to advise them that if the verdict on the count charging the greater crime is guilty, then they should not consider the count charging the lesser crime. However, the [Appellate Court of Maryland] in *Frye* suggested a somewhat different type of instruction. It said that the trial judge should instruct the jury to indicate whether the basis for a murder verdict is felony murder or is wilful, deliberate and premeditated murder, but that the judge should tell the jury to render a verdict on the felony count in any event. Then, if the basis of the murder verdict is felony murder, the . . . trial judge should not impose a sentence on the felony count. Because of the peculiar nature of the problem presented in cases like *Frye* and *Jones*, **where one basis for a guilty verdict on the murder count will preclude a sentence on the felony count, <u>but another basis for a guilty verdict on the same murder will not have this effect</u>, we agree with the type of instruction suggested by the [Appellate Court of Maryland]**.

The [Appellate Court of Maryland] in *Frye*, because of the ambiguity in the jury's verdict due to the absence of adequate instructions, "resolve(d) the doubt in favor of the appellant, and . . . vacate(d) the judgments entered on the robbery with a deadly weapon and the related handgun charge."[10] 37 Md. App. at 480[.] Although we agree with this result in *Frye* because of an unusual aspect of the appeal in that case, we believe that the relief in *Jones* should be somewhat different.

**If there had been appropriate jury instructions in *Jones*, the jury might have based its murder verdicts on a finding of wilful, deliberate and premeditated homicide. It would have considered the underlying felony charges and the associated handgun charges, and <u>guilty verdicts on those felony counts could properly have resulted in sentences</u>.** It was not in any manner the State's fault that such instructions were not given. Under these circumstances, we believe that the State may, . . . elect to re-try Jones on the

---

[10] In Frye's case, this Court did not expressly state whether we relied on the rule of lenity, principles of fundamental fairness, or something else to conclude that we must "resolve the doubt in favor of" Frye by "vacat[ing] the judgments entered on the robbery with a deadly weapon and . . . related handgun charge." *See Frye v. State*, 37 Md. App. 476, 480 (1977), *aff'd*, 283 Md. 709 (1978). On appeal, the Supreme Court of Maryland's discussion was equally ambiguous. *See Frye*, 283 Md. at 722-25. However, as indicated by Judge Moylan, where "a fact finder simply pronounces a verdict of guilty of first-degree murder generally and does not render separate findings as to each possible theory of guilt[,]" "by operation of the ***rule of lenity***, the defendant gets the benefit of the doubt and merger is required." MOYLAN, *supra*, at § 5.6 (emphasis added).

murder, underlying felony and associated handgun charges.[11] . . . But **if . . . the State fails to elect a new trial in the Jones case, the judgments on the three underlying felony and related handgun counts should be vacated**.

*Frye*, 283 Md. at 723-25 (bold and underlined emphasis added) (footnote omitted).

The takeaway from *Frye* is that *if* a defendant is convicted of first-degree murder, *and* that conviction could be premised on either premeditation *or* the felony murder rule as codified by CR § 2-201(a)(4), *but* the record provides no means to determine how the jury reached its verdict, *then* we will resolve the ambiguity in favor of the defendant by assuming that the murder conviction arose from a theory of felony murder (and not a finding that the killing was premeditated). *See id.* at 723-25. However, nothing in *Frye* bars concurrent convictions (and sentences) for first-degree murder under CR § 2-201(a)(1)-(3) and a predicate felony listed under subsection (a)(4) *if* the record is clear that a theory of felony murder is not required to support the verdict of murder in the first degree. *See id.* 724-25; *see also* MOYLAN, *supra*, at § 5.6.

Our decision in *Burroughs* is in accord with these principles. One of the appellants in that case, Chris Lamont Burroughs, was convicted of "murder aggravated to the first

---

[11] The *Frye* Court explained why Frye and Jones were entitled to differing relief as follows:

> [T]he State may not . . . elect[] [to re-try Frye] in the *Frye* case because the defendant Frye, unlike Jones, did not take an appeal from the murder conviction. For the State to try him again for murder would violate the prohibition against double jeopardy.

*Frye*, 283 Md. at 725 (citations omitted).

degree by virtue of a premeditated intent to kill" and "of the *same murder* alternatively aggravated to the first degree by virtue of its having been committed during the attempted perpetration of an enumerated felony[.]" *Burroughs*, 88 Md. App. at 232-33 (emphasis added). Burroughs received two sentences of life in prison—one for each theory of murder. *See id.* at 246-47. He was also convicted of two counts of attempted armed robbery, and of use of a handgun in the perpetration of a crime of violence. *Id.* at 232-33.

On direct appeal to this Court, Burroughs and the State agreed that he "should not have received two sentences of life imprisonment for one murder" and that "the cure for this multiple sentence [issue was] the solution of merger." *Id.* at 246-47. We agreed that Burroughs should not have received two sentences for the same killing; however, Judge Moylan, writing for the Court, explained that merger was not the proper cure:

> **This is simply not a problem calling for merger**. Merger is a phenomenon that involves two or more convictions for two or more separate, albeit related, crimes. A conviction for a lesser included offense, for instance, is sometimes subsumed into a conviction for a greater, inclusive offense.
>
> That is not the situation here. Burroughs only killed one person, James "Boo" Carter. Having killed only one person, Burroughs committed only one murder. That murder, to be sure, may be found to have been an aggravated one for punishment purposes. There are various ways in which murder can be aggravated upward to the first degree. The modes of aggravation, moreover, are not mutually exclusive. **When a jury finds that more than one theory of aggravation has been established, that is nothing more than an insight into the jury's decisional process for determining the appropriate level of blameworthiness and <u>does not double the number of convictions</u>. In homicide cases, <u>the units of prosecution are dead bodies, not theories of aggravation</u>.**
>
> Burroughs did not murder James "Boo" Carter twice and there are not, therefore, two convictions capable of merging into each other. It is rather the case that **<u>a second sentence for a single crime is redundant</u>.**

*Id.* at 247 (emphasis added). Accordingly, we "vacated as redundant" Burroughs' second sentence of life imprisonment. *Id.* (emphasis removed). We did not vacate any of Burroughs's convictions for armed robbery or use of a handgun in the perpetration of a crime of violence. *See id.*

The *Wagner* case is to like effect. In that case, Russel Wagner was convicted of "two counts of first[-]degree premeditated murder, two counts of first[-]degree felony murder, and one count of burglary." *Wagner*, 160 Md. App. at 536. He was sentenced:

> to three consecutive sentences of life imprisonment: one for the premeditated murder of Daniel Davis, one for the premeditated murder of Wilda Davis, and one for the felony murder of Wilda Davis. The trial court further imposed a concurrent sentence of life imprisonment for the felony murder of Daniel Davis and a concurrent sentence of twenty years imprisonment for burglary.

*Id.* at 536 n.1. Among other things, Wagner presented the following question for our review on direct appeal:

> Did the trial court err in imposing a life sentence for Appellant's conviction of first[-]degree felony murder of Wilda Davis given that Appellant was also sentenced to a life sentence for the premeditated murder of Wilda Davis?

*Id.* at 537 (emphasis removed). The State "concede[d] that the trial court erred in imposing a life sentence for both the first[-]degree felony murder and the first[-]degree premeditated murder of Wilda Davis" and "[w]e agree[d]." *Id.* at 566. Importantly, Chief Judge Joseph Murphy, writing for the Court, instructed:

> We must . . . vacate the sentences imposed on both felony murder convictions. **We shall not, however, vacate the sentence imposed on the [underlying] burglary conviction**.

*Id.* (emphasis added). In a footnote, we explained:

19

> Although we shall vacate appellant's sentences for the felony murder convictions, we do so only because **upholding two first[-]degree murder convictions for the killing of the same victim(s) is redundant**. *Burroughs v. State*, 88 Md. App. 229, 247[] (1991).

*Id.* at 559 n.21 (bold emphasis added).

Having summarized the law applicable to the issue raised in this appeal, we turn to address the parties' arguments.

### C. Parties' Contentions

Appellant's arguments in support of his claim that the circuit court erred in denying his motion to correct illegal sentence are "threefold":

> (1) The Honorable Marjorie L. Clagett, over trial counsel's objection, did not merge the underlying felony of burglary into the felony murder conviction, (2) The Appellate Court [of Maryland] did not apply the Rule of Lenity in determining which of the murder convictions should be vacated, and (3) The Honorable Marjorie L. Clagett should have corrected the potential illegal sentence and merged the burglary into the felony murder conviction.

Appellant correctly distinguishes the facts of his case from *State v. Frye*, 283 Md. 709 (1978), by noting that, in *Frye*, it was "uncertain" whether the defendants had been convicted of felony murder, whereas here, Appellant "was definitely convicted of felony murder[.]"    From here, Appellant appears to argue that the sentence he received pursuant to his burglary conviction constitutes an illegal sentence because, under two alternative theories of how the rule of lenity should have been applied to his case, his burglary conviction should have merged with his felony murder conviction.  First, he asserts that, by operation of the rule, the "burglary should have merged into the conviction for felony murder, which was later vacated, thus resulting in the burglary conviction being vacated as

well[.]" Alternatively, he asserts that the rule "dictate[s] that the first[-]degree premeditated murder conviction, not the felony murder, should have been . . . vacated[.]" Under this latter scenario, Appellant's burglary conviction would merge with the felony murder conviction. *See Newton*, 280 Md. at 268-69; *Johnson*, 442 Md. at 214, 221.

The State counters that Appellant's sentence for burglary is not illegal because, under the required evidence test, the "crimes of first-degree murder and first-degree burglary do not merge for sentencing purposes[.]" (Citation omitted). The State concedes that Appellant "should never have been convicted of felony murder" since the jury had already "determined that he killed the victim with premeditation"; however, the State explains that this Court "corrected that error on direct appeal" when we vacated his sentence for first-degree felony murder. *See Hamrick v. State*, No. 1106, Sept. Term, 2001, slip op. at 17 (Md. App. Ct. filed August 14, 2002).

The State agrees that the instant case is distinguished from *Frye*. But the State urges that the more critical distinction from *Frye* is the fact that "[t]he jury unequivocally convicted Hamrick of premeditated murder, separate from its convictions for felony murder and the underlying felony." Citing to *Newton v. State*, 280 Md. 260 (1977), the State asserts that murder and felony offenses do "not merge" where a "murder conviction is premised upon independent proof of wil[lfulness], premeditation and deliberation" because "[e]ach offense . . . require[s] proof of facts which the other did not," and therefore "convictions on both would be proper." (quoting *Newton*, 280 Md. at 269).

21

## D. Analysis

We will affirm the decision of the circuit court because Appellant's sentences for first-degree murder and first-degree burglary, as they exist today, are legal.

As we previously recognized in *Hamrick v. State*, No. 1106, Sept. Term, 2001, slip op. at 17 (Md. App. Ct. filed August 14, 2002), Appellant should never have received a sentence for both first-degree premeditated murder and first-degree felony murder. *Hamrick*, slip op. at 16-17 (citing *Burroughs*, 88 Md. App. at 247). That is why, although Appellant did not raise these issues in his direct appeal to this Court, we relied on *Burroughs* to hold that Appellant's "sentence for first[-]degree felony murder shall be vacated." *Id.* at 17. As a result, today Appellant is no longer burdened by a second (illegal) sentence for the same murder.

Assigning error at various stages of his case, Appellant asserts that, following his direct appeal, the sentencing judge should have merged his conviction for burglary with his conviction for felony murder. He also claims that, on direct appeal to this Court, the rule of lenity required this Court to dispose of his second (illegal) sentence for the same murder in such a manner that his burglary conviction (and sentence)—which served as the predicate for his felony murder conviction—would also disappear. Appellant is incorrect.

As previously discussed, where "there is a verdict of first-degree murder on . . . both" theories of premeditated and felony murder, "no merger of a conviction of the underlying felony" is required and "the alternative theory of felony-murder [is] superfluous, to wit, not required to support the verdict of murder in the first degree." MOYLAN, *supra*, at § 5.6; *see also Wagner*, 160 Md. App. at 559 n.21 ("Although we shall

22

vacate appellant's sentences for the felony murder convictions, we do so only because upholding two first[-]degree murder convictions for the killing of the same victim(s) is redundant." (citing *Burroughs*, 88 Md. App. at 247)).  There is no impetus to 'merge' convictions for first-degree murder (predicated on premeditation) and first-degree murder (predicated on felony murder) because, despite how a verdict sheet may be written, there is only a single "verdict of murder in the first degree."  MOYLAN, *supra*, at § 5.6; *see also Richmond v. State*, 326 Md. 257, 261 (1992) ("Whether a particular course of conduct constitutes one or more violations of a single statutory offense depends upon the appropriate unit of prosecution[.]" (citations omitted)); *Burroughs*, 88 Md. App. at 246-47 (stating, under the heading "**On Counting Convictions**[,]" that "[i]n homicide cases, the units of prosecution are dead bodies, not theories of aggravation[,]" and that because "Burroughs did not murder [the victim] twice . . . *there are not*, therefore, *two convictions capable of merging into each other*" and "[i]t is rather the case that *a second sentence for a single crime is redundant*" (italic emphasis added)).

This conclusion becomes more intuitive with the understanding that, when the Maryland General Assembly divided murder into degrees in 1809, no new statutory offense was created:

> When by Ch. 138 of the Acts of 1809 the Legislature divided the crime of murder as it was known at common law into first and second degrees and attached penalties therefor, no new statutory offense was created.  [Citations omitted].

> In *Stansbury v. State*, [218 Md. 255, 260 (1958)], Judge Henderson, who delivered the opinion of the Court, stated:

23

'We have held that the [predecessor to CL § 2-201 *et seq.*] do[es] not create any new crime, but merely classif[ies] murder, as it was known at common law, into degrees. [Citations omitted]. As used in the statute, the 'common law sense (of murder) is left unimpaired; the measure of punishment only is ought to be graduated according to the circumstances under which it was committed.' [Citation omitted].

*Gladden v. State*, 273 Md. 383, 390 (1974). More recently, the Maryland Supreme Court

explained that:

Although murder is still a common law crime in Maryland, the General Assembly has, by statute, separated it into degrees, with the express purpose of mitigating punishment. *See* 1809 Md. Law, ch. CXXXVIII; *Davis v. State*, 39 Md. 355, 375 (1874) (holding that "[t]he express object of the statute in dividing the crime into degrees, was the mitigation of the punishment in cases of the second degree"); *Weighorst v. State*, 7 Md. 442, 451 (1855) (noting that "[t]he act of the Assembly does not create a new offence in distinguishing between murder of the first and second degrees. The design was to discriminate in awarding the punishment"). CR 2-204 defines second-degree murder as "[m]urder that is not in the first-degree under [CR] § 2-201." CR § 2-204(a).

Since 1809, the murder statutes have remained relatively true to their original drafting and enactment. Maryland Code ("Md. Code") (1957, 2021 Repl. Vol., 2021 Supp.), Criminal Law Article ("CR") §§ 2-201, 2-204, maintain the first- and second-degree distinction first codified in 1809. Accordingly, first-degree murder is:

(a) A murder is in the first degree if it is:

(1) a deliberate, premeditated, and willful killing;

(2) committed by lying in wait;

(3) committed by poison; or

(4) committed in perpetration of or an attempt to perpetrate [an enumerated felony].
CR § 2-201.

In essence, CR § 2-201(a)(1)–(4) describe the various *mens rea* (states of mind) "and circumstantial modalities that will qualify murder as murder in

the first degree, [they] do not represent separate crimes but only establish alternative ways of finding the requisite aggravation." *Jeffries v. State*, 113 Md. App. 322, 335[] (1997) (citing *Wood v. State*, 191 Md. 658, 666-67[] (1948)).

*Garcia v. State*, 480 Md. 467, 475-76 (2022) (first through sixth alterations in original) (footnote omitted).[12]

As instructed by the *Frye* Court, where "one basis for a guilty verdict on the murder count will preclude a sentence on the felony count," i.e., the basis of felony murder, "but another basis . . . will not have this effect," i.e., the basis of premeditated murder, then "the trial judge should instruct the jury to indicate whether the basis for a murder verdict is felony murder or . . . premeditated murder, but . . . the jury [should] render a verdict on the felony count in any event." *Frye*, 283 Md. at 724.  If "appropriate" instructions are given, and a verdict of first-degree murder is based on "premeditated homicide" rather than felony murder, then "guilty verdicts" on any "felony counts" underlying the felony murder charge

---

[12] *See Newton*, 280 Md. at 268 ("All murder not provided for in [the predecessor to CL § 2-201 *et seq.*] is murder in the second degree[.]  These sections do not create any new statutory crimes, but rather divide the crime of murder, as known at common law, into degrees." (citations omitted)).  *See also Huffington v. State*, 302 Md. 184, 188 (1983) ("It is true that historically, and for some purposes today, all murder is regarded as a single crime." (citing *Newton, supra*, at 268; and *Gladden*, 273 Md. at 389-90)); *Jeffries v. State*, 113 Md. App. 322, 335 (1997) ("[S]etting out various *mentes reae* and circumstantial modalities that will qualify as murder in the first degree[] do not represent separate crimes but only establish *alternative ways of finding the requisite aggravation*." (emphasis added) (citation omitted)); *Evans v. State*, 28 Md. App. 640, 683 (1975) (stating that "Chapter 138 of the Acts of 1809, which for the first time separated murder in Maryland into degrees[,]" did "not create a new crime but simply divided murder into two degrees for punishment purposes, leaving the common law definition of murder undisturbed" (citation omitted)), *aff'd*, 278 Md. 197 (1976), *superseded by statute on other grounds*, 1984 Md. Laws, ch. 501 (SB 645), *as recognized in Bazzle v. State*, 426 Md. 541, 551 & n.3 (2012); MOYLAN, *supra*, at § 2.14 (collecting cases).

may "properly . . . result[] in sentences." *Id.* Indeed, the *Frye* Court noted that, in *Newton*, the "reason . . . the underlying felony merged into the murder was" "because the trier of facts [b]ased the verdict on felony murder instead of . . . premeditated murder[.]" *Id.* at 722 (construing *Newton v. State*, 280 Md. 260 (1977)).

Moreover, in contrast to felony murder, the theory of premeditated murder required each juror to find that Appellant "possess[ed] the intent to kill (willful), that the [Appellant] ha[d] conscious knowledge of that intent (deliberate), and that there [was] time enough for [Appellant] to deliberate, i.e., time enough to have thought about that intent (premeditate)." *Garcia v. State*, 253 Md. App. 50, 59 (2021) (first, third, and fourth alterations in original) (quoting *Morris v. State*, 192 Md. App. 1, 31 (2010)), *aff'd*, 480 Md. 467 (2022). By comparison, "a conviction for felony murder requires no specific intent to kill[.]" *Bruce v. State*, 317 Md. 642, 646 (1989). A specific intent to kill, coupled with a finding that a killing was "deliberate, premeditated, and willful[,]" CR § 2-201(a)(1), represents a more culpable *mens rea* than that which is required to establish felony murder. *See Brooks v. State*, 104 Md. App. 203, 224-25 (1995) (comparing the *mens rea* required for felony murder and premeditated murder), *abrogated on other grounds by Winters v. State*, 434 Md. 527 (2013).[13] Therefore, even if the rule of lenity *could* apply to this case, application

---

[13] As noted above, to convict a person of the crime of premeditated murder requires a specific intent to kill, coupled with a finding that a killing was "deliberate, premeditated, and willful[,]" CR § 2-201(a)(1). The crime of felony murder does not require the jury to find this *mens rea*. Indeed, in *Brooks v. State*, 104 Md. App. 203 (1995), *abrogated on other grounds by Winters v. State*, 434 Md. 527 (2013), a case decided at a time when, in Maryland, "a defendant convicted of felony murder [could] be sentenced to death without

(Footnote continued)

of the rule would result in the retention of Appellant's sentence for premeditated murder rather than felony murder. *Jones v. State*, 357 Md. 141, 167 (1999) (indicating that where the rule of lenity applies to two offenses with identical maximum penalties, the sentence for the "more serious offense" should survive).

---

any specific finding regarding the *mens* rea that accompanied the killing[,]" *id.* at 217, this Court acknowledged that:

> [T]he imposition of the death penalty for felony murder has been criticized, in part, because the penalty may be imposed without proof of any particular *mens rea*. In [*State v.*] *Middlebrooks*, 840 S.W. 2d 317[ (1992)], the Supreme Court of Tennessee observed:
>
>> A simple felony murder unaccompanied by any other aggravating factor is not worse than a simple, premeditated, and deliberate murder. If anything, the latter, which by definition involves a killing in cold blood, involves more culpability.
>
> *Id.* at 345. In his thoughtful article on felony murder and the Eighth Amendment, Professor [Richard A.] Rosen explained:
>
>> [T]he felony murder rule thrusts an entire undifferentiated mass of defendants into the category of the supposedly worst murderers eligible for the death penalty. Some of these defendants indeed may be among the most culpable offenders—for example, the cold-blooded executioner of a store clerk during a robbery—but many are not. The rule makes no distinctions.
>>
>> The felony murder rule disregards the normal rules of criminal culpability and provides homicide liability equally for both the deliberate rapist/killer and the robber whose victim dies of a heart attack[.]
>
> [Richard A. Rosen, Felony Murder and the Eighth Amendment Jurisprudence of Death, 31 B.C.L. Rev. 1103, 1115 (1990)] (footnotes omitted.

*Id.* at 224-25 (fifth alteration in original).

The jury, in this case, was instructed on both first-degree premeditated murder and first-degree felony murder, *Hamrick*, slip op. at 14, and Appellant was convicted of both, *id*. at 1. The jury also found Appellant guilty of first-degree burglary. This case is therefore distinguished from *Frye,* where there was "no foundation" in the record to determine whether Frye's conviction for first-degree murder was based on felony murder or on willful, deliberate and premeditated murder. 283 Md. at 720. Accordingly, our predecessors correctly found that Appellant's sentence on the felony-murder conviction was redundant, and properly vacated that sentence without vacating Appellant's conviction (or sentence) for first-degree burglary. *Hamrick*, slip op. at 17; *see also Wagner*, 160 Md. App. at 559 n.21; *Burroughs,* 88 Md. App. at 247. It follows that the circuit court correctly denied Appellant's Motion to Correct Illegal Sentence.

Appellant urges that, "[a]pplying the [r]ule of [l]enity, the burglary should have merged into the conviction for felony murder, which was later vacated, thus resulting in the burglary conviction being vacated as well[.]" As previously noted, the rule of lenity is normally a "standard for determining *merger* for sentencing purposes." *Johnson*, 442 Md. at 218 (emphasis added) (citation omitted). And, as we have explained, because premeditated murder under CR § 2-201(a)(1) and felony murder aggravated to the first degree under subsection (a)(4) constitute only a single offense of first-degree murder (assuming each is based on the same killing), they are "not . . . two convictions capable of merging into each other." *Burroughs*, 88 Md. App. at 247. We glean from our decisional law, however, that in the narrow context of "redundant" sentences, the rule of lenity may also apply when the court is "unable to state which of the permissible inferences the jury

28

drew in arriving at its verdict[.]" *Frye*, 283 Md. at 719 (quoting *Frye*, 37 Md. App. at 480). In other words, as Judge Moylan explains, the rule of lenity applies where "a fact finder simply pronounces a verdict of guilty of first-degree murder generally and does not render separate findings as to each possible theory of guilt." MOYLAN, *supra*, at § 5.6. The rule of lenity does not apply in this case because the jury was instructed on first-degree premeditated murder and first-degree burglary, and found that the evidence against Appellant satisfied the essential elements of each crime.

In sum, on direct appeal to this Court, we appropriately recognized that Appellant should never have "received a sentence for both first[-]degree premeditated murder and first[-]degree felony murder" and, therefore, we vacated his "sentence for first[-]degree felony murder[.]" *Hamrick*, slip op. at 17. It was not necessary then or today to merge Appellant's first-degree burglary conviction into his conviction for first-degree murder under the required evidence test because Appellant's burglary conviction is not a lesser-included offense of the first-degree murder conviction. *See, e.g.*, *Newton*, 280 Md. at 269 ("If . . . the murder conviction is premised upon independent proof of wil[lfulness], premeditation and deliberation" rather than felony murder, then the murder and felony "offense[s]" would "[e]ach . . . require proof of facts which the other did not, and convictions on both would be proper" (citation omitted)).

The rule of lenity did not require this Court, on direct appeal, to vacate Appellant's premeditated murder sentence instead of his redundant felony murder sentence. The rule of lenity is a tool used to merge offenses in appropriate circumstances and, in Appellant's case, there were not "two convictions capable of merging into each other." *Burroughs*, 88

29

Md. App. at 247.  Moreover, because the jury found that Appellant had a specific intent to kill that is deliberate, premeditated, and willful—a more culpable *mens rea* than that required to establish felony murder,[14] the sentence imposed for Appellant's first-degree murder conviction is appropriately based on premeditated murder.  *Cf. Jones*, 357 Md. at 167 (rule of lenity preserves "more serious offense" where two offenses have identical maximum penalties).

For the above reasons, we hold that Appellant's sentence pursuant to his burglary conviction is not an illegal sentence under Maryland Rule 4-345(a) and, accordingly, we affirm the decision of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR CALVERT COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

[14] *See supra* n.13.